IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATICO INTERNATIONAL USA INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SMIFFY'S USA, INC.,<br>16673 Roscoe Blvd.<br>Van Nuys, California 91343<br><br>      and<br><br>SMIFFY'S SALES SERVICES, INC.,<br><br>      Defendants. | Civil No. 06-1742 (EGS) |

**DEFENDANT SMIFFY'S USA, INC.'S**
**MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE**

Defendants Smiffy's USA, Inc. and Smiffy's Sales Services, Inc. ("Smiffy's" or "defendants") move to dismiss the complaint for insufficiency of service under Fed. R. Civ. P. 12(b)(4) and 12(b)(5), or in the alternative, to quash service. Plaintiff Atico International USA, Inc. ("Atico" or "plaintiff") purportedly served the complaint on Mr. Glen Schecter at his home in California on November 7, 2006. *See* "Summons in a Civil Case" (Doc. # 2 & 3). Although Mr. Schecter was previously an employee of Smiffy's USA, Inc., he has not worked for Smiffy's since May 2006 and had no authorization to receive a summons on behalf of defendants in November 2006.

**BACKGROUND**

Plaintiff filed its complaint against Smiffy's in October 2006, alleging copyright

infringement for the sale of certain door mats.  Defendants were authorized to sell the door mats specified in plaintiff's complaint by a supplier in China, but had sold less than 225 in North America for a profit of less than $500.  When defendants discovered that plaintiff had filed a complaint, for purely business reasons and to avoid a wasteful litigation, Smiffy's immediately stopped offering to sell the mats, removed them from its website, and notified plaintiff that it had stopped offering to sell the product in the United States.  At the same time, Smiffy's harbored serious concerns about the validity of plaintiff's claims, including Atico's claim of ownership over copyrights covering the door mats.  Given these actions, and the extremely low volume of sales made by defendants, defendants informed plaintiff that they considered the matter closed.

Plaintiff, however, appears to be using this lawsuit to extort money from defendants.  Despite Smiffy's voluntary and prompt removal of the disputed products from its website and despite Smiffy's efforts to secure assurances from Atico that Atico is the lawful owner of the relevant copyrights, plaintiffs have continued to threaten to serve the complaint upon defendants and apparently have tried to serve the complaint on a former employee of Smiffy's USA, Inc..  Smiffy's did not want to file this motion to dismiss based on insufficiency of service, but is doing so out of an abundance of caution.[1]

## ARGUMENT

The Federal Rules of Civil Procedure prescribe various methods of service.  Rule 4(h)(1) provides:

> Unless otherwise provided by federal law, service upon a domestic . . . corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of

---

[1] Defendants attempted to contact opposing counsel for an extension of time to respond to Atico's attempt at service, but consistent with plaintiff's prior conduct, plaintiff ignored defendants' request and did not return a telephone call by the time of this filing.

- 2 -

> the United States in the manner prescribed for individuals by
> subdivision (e)(1), or by delivering a copy of the summons and of
> the complaint to an officer, a managing or general agent, or to any
> other agent authorized by appointment or by law to receive
> service of process and, if the agent is one authorized by statute to
> receive service and the statute so requires, by also mailing a copy
> to the defendant. . . .

Under Rule 4(h)(1), Atico had two options for effecting service: (i) pursuant to personal delivery and mailing the complaint to an agent authorized by statute as described in Rule 4(h)(1), or (ii) pursuant to California law via Fed. R. Civ. Proc. 4(e)(1). Atico did neither.

### A.  Atico Did Not Comply with Rule 4(h)(1).

Atico apparently attempted to serve defendants by leaving a copy of the complaint with Mr. Glen Schecter, a former employee of Smiffy's USA, Inc., on November 7, 2006 at Mr. Schecter's home. "Summons in a Civil Case" (Doc. # 2 & 3). To serve defendants, Atico needed to deliver a copy of the complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Proc. 4(h)(1). Although Mr. Schecter previously worked for Smiffy's USA, Inc., he has not worked for Smiffy's since May 2006. See the attached Declaration of Sean Lucas ("Lucas Decl.") at ¶ 4. In November 2006, Mr. Schecter was neither an officer, managing agent, general agent, nor agent authorized to receive service of process on behalf of defendants. Id. at ¶ 5.

### B.  Atico Did Not Comply with Provisions Under California Law, Where the Alleged Service Occurred.

Rule 4(e)(1), which is incorporated into Rule 4(h)(1), allows a plaintiff to serve individuals within a judicial district under the law of the state in which the service is effected. Rule 4(e)(1) states:

> Unless otherwise provided by federal law, service upon an individual
> from whom a waiver has not been obtained and filed, . . . may be effected in any
> judicial district of the United States: (1) pursuant to the law of the state in which

- 3 -

>the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State. . . .

Id. (emphasis added). Under California law, a corporation may be served by delivering copies of the summons to a "person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. Again, Mr. Schecter was not an employee of defendants in November 2006 and was not a person authorized by defendants to receive service of process. Lucas Decl. at ¶¶ 4-5.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss Atico's complaint for insufficiency of service under Fed. R. Civ. P. 12(b)(4) and/or 12(b)(5), and in the alternative, defendants respectfully request that the Court quash Atico's service.

Dated: November 27, 2006            KENYON & KENYON LLP

                                                                                                                                                            /s/ Gary Morris_____
Gary Morris (DC Bar No. 457851)
1500 K Street, N.W., Suite 700
Washington, DC 20005-1257
(202) 220-4200

Joseph Nicholson (JN 7307)
One Broadway
New York, New York 10004
(212) 425-7200

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ATICO INTERNATIONAL USA INC.,

        Plaintiff,

v.

SMIFFY'S USA, INC., SMIFFY'S SALES SERVICES, INC.

        Defendants.

Civil No. 06-1742 (EGS)

### DECLARATION OF SEAN LUCAS

I, Sean Lucas, hereby declare as follows:

1. I am currently the National Sales Manager of Sales for Smiffy's USA, Inc. ("Smiffy's"), which is headquartered at 16673 Roscoe Blvd, Van Nuys, California 91343.

2. The facts stated herein are based on my personal knowledge.

3. Mr. Glen Schecter was formerly the president of Smiffy's USA, Inc.

4. Mr. Schecter has not worked for Smiffy's USA, Inc. or Smiffy's Sales Services, Inc. since May 2006.

5. In November 2006, Mr. Schecter was neither an officer, managing agent, general agent, nor agent authorized to receive service of process on behalf of Smiffy's USA, Inc. or Smiffy's Sales Services, Inc.

I declare that the foregoing is true and accurate to the best of my knowledge under penalty of perjury of the laws of the United States.

Dated: November 27, 2006

_____
Sean Lucas

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ATICO INTERNATIONAL USA INC.,

        Plaintiff,

v.

SMIFFY'S USA, INC., SMIFFY'S SALES SERVICES, INC.

        Defendants.

Civil No. 06-1742 (EGS)

**[PROPOSED] ORDER**

On consideration of Defendants Smiffy's USA, Inc. and Smiffy's Sales Services, Inc.'s Motion to Dismiss for Insufficiency of Service, for the good cause shown, it is hereby

ORDERED that Atico International USA Inc.'s complaint is dismissed for insufficiency of service.

Dated:_____    _____
                                                              United States District Court Judge