**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ATICO INTERNATIONAL USA INC.,

    Plaintiff,

  v.

SMIFFY'S USA

and

SMIFFY'S SALES SERVICES, INC.

    Defendants.

Civil No. 06-1742 (EGS)

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE**
**AND PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

   Atico International USA Inc. ("Atico") personally served its Complaint on Mr.

Glen Schecter, the person listed by Defendants ("Smiffy's") with the California State

Department, at the locations listed with the California Department of State.  Mr. Glen

Schecter is also the contact person identified by Smiffy's itself on its own website, and

the person who, as of the date of the filing of this memorandum, is also listed by Smiffy's

as its president.  Moreover, weeks before serving the Complaint, Atico mailed and faxed

a copy of it to Mr. Schecter, and had several resulting discussions with Smiffy's attorneys

who withheld the information that Mr. Schecter no longer worked for Smiffy's.  Because

Smiffy's already had a copy of the Complaint and had already engaged counsel, Atico,

1

shortly before serving the Complaint, requested Smiffy's to waive service. Smiffy's did not respond. And when Smiffy's filed its unsubstantiated Motion to Dismiss, Atico offered to serve the Complaint again on the person and location of Smiffy's choice. Again Smiffy's did not respond.

Atico served the Complaint in full compliance with both the Federal Rules of Civil Procedure and California law. Smiffy's Motion to Dismiss should be denied and Smiffy's should pay Atico's attorney fees in having to defend such an unfounded motion.

## **BACKGROUND**

Atico is the owner of several United States Copyrights and Copyright applications related to Halloween art. *See* Complaint, ¶ 8. Atico has sold and sells door mats that feature such copyrighted art. *Id.* at ¶ 9. In late summer of 2006, Atico discovered unauthorized copies of its copyrighted art displayed on Halloween door mats made by its competitor, Smiffy's. Id. at ¶ 12. Smiffy's was advertising the infringing door mats in both its online and paper catalogues. Id. at ¶ 13.

On August 8, 2006, Atico sent a letter to Smiffy's regarding Smiffy's infringing door mats. Declaration of James Remenick, Exh. A. Atico sent the letter to the Van Nuys, California address listed on Smiffy's website, to Mr. Glen Schecter who is listed as Smiffy's USA's President. *Id.* at Exh. B. Atico's letter was returned several weeks later. *Id.* at Exh. C.

Atico drafted a Complaint and filed it with this Court on October 11, 2006. On October 12, 2006, Atico couriered (via Federal Express overnight service) and faxed a copy of the Complaint with a cover letter to the attention of Mr. Schecter at every

Smiffy's United States address that Atico could find on Smiffy's website.  *Id.* at Exh. D.
Two of the letters and two of the faxes successfully went through and were not returned:
letters to Smiffy's' Van Nuys, California address and to Smiffy's North Hills, California
address were successfully delivered, and fax transmissions to Smiffy's Van Nuys,
California location and to Smiffy's' Virginia location were successful.  *Id.* at Exh. E.

On October 19, 2006, Smiffy's counsel contacted Atico's counsel by telephone to
discuss Atico's Complaint.  *Id.* at ¶ 1. On October 25, 2006, after a few discussions and
e-mails were exchanged between the parties' counsel, Smiffy's sent Atico a self-serving
and unsubstantiated letter, telling Atico that Smiffy's would stop advertising and selling
the infringing products in the United States.[1]  Smiffy's' letter stated that Smiffy's
"consider[ed] the matter fully closed."  *Id.* at Exh. F.  Having received not a word of
explanation or constructive dialogue, but only disdainful rhetoric with respect to its stolen
copyrights, Atico had no choice but to serve the Complaint.

Because Smiffy's already had a copy of the Complaint and had already retained
counsel, on October 26, Atico requested Smiffy's to waive service and have its counsel
accept the Complaint.  *Id.* at ¶ 2.  Smiffy's did not respond to the request.  Atico thus
hired a process server to personally serve the Complaint on Smiffy's.  Having had
previous difficulties with letter delivery to Smiffy's, Atico checked and rechecked to
ensure that it had the correct person and location for service. The California Department
of State listed (and still lists to this day), Mr. Glen Schecter as the Agent for Service of
Process for both Smiffy's USA and Smiffy's Sales Services, Inc.:

---

[1]   Due to the seasonal nature of these products, Smiffy's would have already made all of its sales of the
infringing door mats long before October 25.

**DISCLAIMER:** The information displayed here is current as of OCT 27, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

SMIFFY'S SALES SERVICES, INC.

**Number:** C2798354        **Date Filed:** 8/5/2005        **Status:** active

**Jurisdiction:** VIRGINIA

### Address

7020 HAYVENHURST AVENUE SUITE D

VAN NUYS, CA 91406

### Agent for Service of Process

GLEN SCHECTER

8759 ZELZAH AVE

NORTHRIDGE, CA 91325

---

**DISCLAIMER:** The information displayed here is current as of OCT 27, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

SMIFFY'S USA

**Number:** C2533151        **Date Filed:** 6/16/2003        **Status:** suspended

**Jurisdiction:** California

### Address

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

### Agent for Service of Process

GLEN SCHECTER

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

(emphases added).  *Id.* at Exh. G.  The registration for Smiffy's Sales Services, Inc., with

the Northridge, California address for service is the only registration that is shown as

"active."  In addition, Atico rechecked Smiffy's website, and there too, Mr. Glen

Schecter is still listed as the president and contact person for Smiffy's.  *Id.* at Exh. B.

The process server personally served Mr. Schecter on November 7, at the Northridge,

California address as listed with the California State Department.  *Id.* at Exh. H.

On November 15, Smiffy's counsel sent Atico an e-mail stating that Smiffy's had received Atico's served complaint.  The e-mail then alleged that Atico's complaint was improperly served and made several other incendiary assertions.  *Id.* at Exh. I.  The e-mail from Smiffy's counsel did not identify any allegedly correct person for service. Atico responded by e-mail on November 20, explaining that its service was proper and again offering for the two parties to discuss the issue of Smiffy's copyright infringement. *Id.* at Exh. J.

Atico did not hear from Smiffy's again until approximately 3 pm on November 27, 2006.  At that time, about 2 hours before Smiffy's filed its Motion to Dismiss, Smiffy's counsel left a voice mail message for Atico's counsel regarding only the possibility of resolving this matter without a trial.  *Id.* at ¶ 3.  Atico's counsel did not receive the voicemail until about 3:30 pm, and being busy with other matters, was not able to respond to Smiffy's counsel that day.  *Id.*  Smiffy's filed its Motion to Dismiss at approximately 5 pm that day.

On November 28, 2006, Smiffy's counsel sent an e-mail stating that Smiffy's would have sought an extension to answer the Complaint in lieu of filing its Motion to Dismiss and would have entered further discussions with Atico had Atico's counsel returned the Smiffy's'counsel's call in spite of the fact that no such request was made in the voice mail message.  *Id.* at Exh. K.  Atico responded on November 29, explaining that even though its service of the Complaint was to the letter of the law, it would gladly serve the Complaint again on a person designated by Smiffy's and that Atico would have granted an extension request had Smiffy's asked.  *Id.* at Exh. L.  Atico asked Smiffy's to respond with another Smiffy's name and address by the following day so that Atico could

re-serve the Complaint rather than expend attorney's fees on opposing Smiffy's frivolous motion.[2]  Smiffy's has not responded, and to this date, Smiffy's has not identified any alternative person or address for service.


## ARGUMENTS

### A.  Atico's Service Fully Complies with the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 4(h) governs service over domestic and foreign corporations.  Under Rule 4(h), plaintiffs may serve a corporation by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent.  In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail Spec. v. Eclat Comp. Tech., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Service may be made "upon a representative so integrated with the organization that he will know what to do with the papers." *Id.*

Atico personally served the Summons and Complaint on Mr. Glen Schecter.  Mr. Schecter is identified by Smiffy's with the California State Department as Smiffy's "Agent for Service of Process."  Remenick Decl, Exh. G.  Mr. Schecter is further identified on Smiffy's website as Smiffy's "President," and is listed as Smiffy's USA's contact.  *Id*. at Exh. B.  Until Smiffy's filed its Motion to Dismiss, Atico did not know, and indeed had no way of knowing that Mr. Schecter was no longer employed by Smiffy's.  Atico's service fully complied with the Federal Rules of Civil Procedure.

---

[2]  Atico notified Smiffy's of its filed Complaint the day after filing, and served the Complaint less than one month after filing it.  And as of the day of filing this memorandum, it has been 61 days since Atico filed its Complaint.  Atico is still well within the 120 day service deadline proscribed by the Federal Rules of Civil Procedure.

Regardless of Mr. Schecter's current employment status, when Mr. Schecter received the Summons and Complaint, he immediately "kn[e]w what to do with the papers." *Direct Mail*, 840 F.2d at 688. He forwarded them to Smiffy's and Smiffy's contacted its counsel. Remenick Decl., Exh. I. Atico's service fully complies with expectations of notice under Ninth Circuit law. Smiffy's Motion to Dismiss[3] should be denied.

## B. Atico's Service Fully Complies with California Law

Under California law, a summons may be served on a corporation by delivering a copy of the summons and the complaint "[t]o the person designated as agent for service of process ... [t]o the president or other head of the corporation, . . . or a person authorized by the corporation to receive service of process ..." Cal. Civ. Proc. Code § 416.10. As explained above, Atico served the Summons and Complaint on the very person designated by Smiffy's as its agent for service for the California State Department and publicized by Smiffy's as its President. Remenick Decl., Exhs. B, G.

Moreover, under further California Law, if a corporation cannot be served directly under § 416.10, substitute service may be effected. Cal. Civ. Proc. Code § 415.20(a) Plaintiffs must however be reasonably diligent in their attempts at direct service before substitute service is permitted. *Evartt v. Sup.Ct. of Stanislaus County*, 89 Cal.App.3d 795, 799, 152 Cal.Rptr. 836 (1979). Here, before serving the Complaint, Atico mailed and

---

[3] In its supporting memorandum, Smiffy's makes several improper and unsubstantiated allegations against Atico and Atico's copyrights. [CITE to pages of their brief] These incendiary allegations are not relevant to the issue of sufficient service, so Atico will not address them here. See Erby v. United States, 424 F.Supp. 2d 180, 181 (D.D.C. 2006) ("If a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party").

faxed a copy of the Complaint to every possible United States Smiffy's address that it could find. Remenick Decl., Exh. D. After Smiffy's received a copy of the Complaint and retained counsel, Atico asked Smiffy's to waive service and have its counsel accept the Complaint. When Smiffy's did not respond, Atico personally served the complaint on the only person listed and publicized *by Smiffy's* as its United States representative and Agent for Service of Process. And when Smiffy's complained of improper service, Atico offered to serve the Complaint again on a person and location of Smiffy's choosing. It is hard to imagine how Atico could have been any more diligent in its service attempts.

Any way you slice it, Atico has fully and exhaustively complied with every possible rule and requirement for service of process. Smiffy's Motion to Dismiss should be denied.

### C.  Smiffy's Motion to Dismiss was Filed in Bad Faith; Smiffy's Should Compensate Atico for Defense of this Implausible Motion

The D.C. Circuit has stated that "attorney's fees are not restricted to instances of frivolous litigation or implausible legal theories; attorney's fees may also be awarded upon a finding of bad faith 'in the conduct of the litigation." *Aero Corp. v. Dep't of the Navy*, 558 F.Supp. 404, 418 (D.C.D.C. 1983) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973). In the present case, not only has Smiffy's presented implausible legal theories to support its motion, but Smiffy's has brought its motion in bad.

Smiffy's filed its Motion to Dismiss without any meet-and-confer with Atico. Instead, approximately two hours before filing its motion, Smiffy's left a voicemail for Atico's counsel regarding potential settlement discussions. Remenick Decl., ¶ 3 & Exh.

I.  Then, *after* filing its motion, Smiffy's informed Atico that it would not have filed the motion had Atico agreed to an extension of time for Smiffy's to answer the Complaint. *Id.* at Exh. K.  When Atico promptly responded that it was willing to give Smiffy's the desired extension, Smiffy's did not respond and did not withdraw its motion.

Smiffy's filed its Motion to Dismiss for insufficient service after already having a copy of the complaint and having engaged counsel before the complaint was served, and refusing to acknowledge Atico's request for waiver of service.  Smiffy's filed its Motion to Dismiss for insufficient service knowing that Atico personally served the person that Smiffy's identifies as its "Agent for Service of Process" with the California Department of State and as it "President" on the Smiffy's website.  And when Atico explained the implausible nature of Smiffy's motion, yet still offered to extend Smiffy's time for answering the Complaint, Smiffy's did not respond and did not withdraw its motion.

Through all of the parties discussions, and now through its Motion to Dismiss, while Smiffy's refuses to acknowledge the very person it has designated as the appropriate agent for service, Smiffy's also refuses to identify any other person for service.  Smiffy's bad faith game of hide-the-ball has succeeded delaying Atico's speedy resolution of this copyright infringement case, and wasted both the court's time and Atico's attorney's fees in responding to this frivolous motion.  The court should order Smiffy's to pay Atico's attorney's fees related to defending Smiffy's Motion to Dismiss.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Atico respectfully requests that the Court deny Defendants' Motion to Dismiss and request to quash service. Plaintiff also requests that the Court require Defendants to pay Plaintiff's costs and attorney's fees incurred herein.

**<u>Dated: December 7, 2006</u>**

By: Novak Druce & Quigg LLP

<u>      /s/ James Remenick      </u>
James Remenick (DC Bar #433973)
1300 Eye Street, N.W.
Washington, DC 20005
(202) 659-0100

*Attorney for Plaintiff,*
*Atico International USA, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ATICO INTERNATIONAL USA INC.,

       Plaintiff,

       v.                      Civil No. 06-1742 (EGS)

SMIFFY'S USA

and

SMIFFY'S SALES SERVICES, INC.

       Defendants.

### DECLARATION OF JAMES REMENICK

I, James Remenick, hereby declare as follows:

1. On October 19, 2006, I received a telephone call from counsel for Defendants, Mr. Michael Freno. Mr. Freno told me that he was forwarded my letter of October 12 and the attached Complaint, was retained by Defendants for this matter, and wished to discuss the Complaint.

2. On October 26, 2006, I telephoned Defendants' counsel, Mr. Freno. When Mr. Freno did not pick up the telephone, I left him a voicemail message asking whether Smiffy's would waive service of the Complaint and Mr. Freno would accept a copy of the Complaint on Smiffy's behalf. Mr. Freno did not return my message.

3. On November 27, 2006, at approximately 3:30 pm, I received a voice mail message that was left on my work telephone by Smiffy's counsel, Joseph Nicholson, at

approximately 3:00 pm.  In the message, Mr. Nicholson stated that he believed the case

could be settled without court involvement and that he wished to discuss the case further.

4.  Attached hereto as Exhibit A is a true and correct copy of a letter dated August 8,

2006 from James Remenick to Glen Schecter of Smiffy's.

5.  Attached hereto as Exhibit B is a true and correct copy of a printout from

www.smiffys.com, dated December 7, 2006.

6.  Attached hereto as Exhibit C is a true and correct copy of the mailing envelope from

the letter attached at Exhibit A.

7.  Attached hereto as Exhibit D is a true and correct copy of four letters, dated October

12, 2006, sent from Mr. James Remenick to Mr. Glen Schecter at four different

addresses.

8.  The October 12, 2006 letters of Exhibit D that were sent to Smiffy's Van Nuys,

California and Virginia addresses were also faxed, and both facsimile transmissions were

successful.  Attached hereto as Exhibit E is a true and correct copy of the facsimile

receipts for the letters sent to Smiffy's California and Virginia fax numbers, along with

copies of the tracking receipts to the successfully delivered letters of Exhibit D and

copies of the returned Federal Express envelopes of the undelivered letters of Exhibit D.

9.  Attached hereto as Exhibit F is a true and correct copy of a letter dated October 25,

2006, from Michael J. Freno, counsel for Smiffy's, to me as counsel for Atico.

10.  Attached hereto as Exhibit G is a true and correct copy of California State

Department listings for Smiffy's USA and Smiffy's Sales Services on three different

dates:  August 4, November 1, and November 29, 2006.

11. Attached hereto as Exhibit H is a true and correct copy of the Return of Service forms and summons for both Smiffy's USA and Smiffy's Sales Services.

12. Attached hereto as Exhibit I is a true and correct copy of an email dated November 15 from Joseph Nicholson, counsel for Smiffy's, to me as counsel for Atico.

13. Attached hereto as Exhibit J is a true and correct copy of an email dated November 20 from me as counsel for Atico, to Joseph Nicholson, counsel for Smiffy's.

14. Attached hereto as Exhibit K is a true and correct copy of an email dated November 28 from Joseph Nicholson, counsel for Smiffy's, to me as counsel for Atico.

15. Attached hereto as Exhibit L is a true and correct copy of an email dated November 29 from me as counsel for Atico, to Joseph Nicholson, counsel for Smiffy's.

I declare that the foregoing is true and accurate to the best of my knowledge under penalty of perjury of the law of the United States.

**Dated:  December 7, 2006**

By:  Novak Druce & Quigg LLP

    /s/ James Remenick
James Remenick (DC Bar #433973)
1300 Eye Street, N.W.
Washington, DC 20005
(202) 659-0100

*Attorney for Plaintiff,*
*Atico International USA, Inc.*

# Exhibit A



1300 EYE STREET, N.W.
400 EAST TOWER
WASHINGTON, DC 20005

TELEPHONE
202.659.0100

FACSIMILE
202.659.0105

www.novakdruce.com

<u>Via Certified Mail - Return Receipt Requested</u>

August 8, 2006

Mr. Glen Schecter
Smiffy's USA (a/k/a Smiffy's Sales and Services; Smiffy's Amazingly International Joke amd
Novelty Company, Inc.)
7020 Hayvenhurst Ave, Suite D
Van Nuys, CA 91406

> Re:   **Door Mat, Haunted House Design 445X350mm; Door Mat, Monster Design,
> 445X350mm; and Door Mat, Vampire Design 445X350mm vis à vis U.S.
> Copyright Registration No. VAu671-812**

Dear Mr. Schecter:

We represent Atico International, Ltd. (hereinafter "Atico"), which is a designer and
manufacturer of, among other things, houseware, electronics, home décor, giftware, and
stationary products. In addition to the above, Atico also designs and manufacturers a number of
seasonal products including Halloween related products such as masks, costumes, wigs, hats,
costume accessories, novelty items as well as Halloween-themed home décor items.

Several of Atico's designs and works include the depiction of a Haunted House, a
Frankenstein-type Monster, and a Vampire (hereinafter "Atico's Halloween Monsters"), which
are protected under at least U.S. Copyright Registration No. VAu671-812 and one or more
pending copyright applications. Examples of Atico's Halloween Monsters are depicted in
Exhibit A attached hereto. Atico considers its intellectual property to be one of its most valuable
assets and has spent a great deal of time, effort and expense to develop its intellectual property
portfolio including its copyrights for its Halloween Monsters.

It has come to our attention that Smiffy's USA (hereinafter "Smiffy's") is or has
marketed, distributed, offered for sale and/or sold, without Atico's authorization or consent,
certain Halloween related items, and more specifically, certain door mats depicting Atico's
Halloween Monsters (hereinafter "Smiffy's Doormats"). Examples of the Smiffy's Door Mats
are illustrated in Exhibit B attached hereto. The examples included in Exhibit B were taken from
the 2006 Smiffy's Product Catalog as well as from the smiffys.com website, and include at least
the following:

1.    Door Mat, Haunted House Design 445X350mm;
2.    Door Mat, Monster Design; and,
3.    445X350mm; and Door Mat, Vampire Design 445X350mm



Atico regards the artwork depicted on Smiffy's Doormats as being no less than direct copies of its Halloween Monsters, which constitutes an infringement of one or more of Atico's valuable intellectual property rights.

More specifically, Smiffy's unauthorized marketing and/or distribution of Atico's copyrighted material constitutes copyright infringement under § 501 of the Copyright Act (17 U.S.C. § 501) and Smiffy's is infringing the exclusive right of Atico to reproduce, distribute and display its original works, as well as to prepare, distribute and display derivative works thereof.

As you may also be aware, the Copyright Act provides remedies for copyright infringement, which include, but are not limited to: seizure and destruction of all infringing copies, the issuance of injunctions barring the manufacture, distribution or sale of infringing copies, the recovery of actual damages and profits or statutory damages, as well as court costs and attorneys fees. The Copyright Act also authorizes courts to increase the amount of statutory damages in cases of willful infringement.

In view of the out-and-out identity between Atico's Halloween Monsters designs and Smiffy's Door Mats, as well as the fact that each of Atico and Smiffy's market similar products in like channels of commerce, it is clear that Smiffy's, and/or its authorized manufacturer's, had access to Atico's copyrighted works and slavishly copied Atico's works in willful violation of the Copyright Act.

Accordingly, Atico demands that Smiffy's identify all products marketed and distributed by Smiffy's and containing works of Atico's Halloween Monsters, provide an accounting of any and all profits derived from the sale or distribution of products depicting works of Atico's Halloween Monster's, and disgorge the same to Atico.

Atico further demands that Smiffy's cease the distribution, sale and offer for sale of any and all products depicting Atico's Halloween Monster's, and any and all colorable imitations thereof, including but not limited to, any representations thereof contained on its websites or in its product or marketing literature.

Atico further demands that all infringing products and product and marketing literature be destroyed and that evidence of the same be provided to Atico, or that these products and materials be immediately turned over to Atico.

We request a response to these demands within about two weeks of the date of this letter, or by no later than Monday, August 28, 2006. If we have not heard from you by this date, Atico shall seek appropriate legal remedies.



Mr. Glen Schecter
Smiffy's USA
August 8, 2006
Page 3

Sincerely,

James Remenick

JR/SPK
Enclosures

cc:    Daniel W. Forbes
       Atico International USA, Inc.

# **EXHIBIT A**

















**EXHIBIT B**









# Exhibit B



PRIVACY POLICY    TERMS & CONDITIONS    © SMIFFY'S 2005

# Exhibit C



First Class Mail

7005 1160 0001 3446 5340

RETURNED TO SENDER
MOVED, LEFT NO ADDRESS

Washington, DC 20005

Mr. Glen Schecter
Smiffy's USA
7020 Hayvenhurst Ave, Suite D
Van Nuys, CA 91406

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Glen Schecter MOVED, LEFT NO AD
Smiffy's USA
7020 Hayvenhurst Ave, Suite D
Van Nuys, CA 91406

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, August 2001       Domestic Re

# Exhibit D



1300 EYE STREET, N.W.
400 EAST TOWER
WASHINGTON, DC 20005

TELEPHONE
202.659.0100

FACSIMILE
202.659.0105

www.novakdruce.com

**Via Facsimile and Federal Express**

October 12, 2006

Mr. Glen Schecter
Smiffy's USA and Smiffy's Sales Services, Inc.
7020 Hayvenhurst Ave, Suite D
Van Nuys, CA 91406

     **Re:**    **Door Mat, Haunted House Design 445X350mm; Door Mat, Monster Design, 445X350mm; and Door Mat, Vampire Design 445X350mm vis à vis U.S. Copyright Registration No. VAu671-812**

Dear Mr. Schecter:

     We represent Atico International, Inc. and Atico International USA, Inc. ("Atico"), which is a designer and manufacturer of, among other things, housewares, electronics, home décor, giftware, and stationary products. In addition to the above, Atico designs and manufacturers a number of seasonal products including Halloween related products such as masks, costumes, wigs, hats, costume accessories, novelty items as well as Halloween-themed home décor items.

     Several of Atico's designs and artworks include the depiction of a Haunted House, a Frankenstein-type Monster, and Dracula ("Atico's Halloween artwork"), which are protected under U.S. Copyright Registration No. VAu671-812 and other pending copyright applications. Atico considers its intellectual property to be one of its most valuable assets and has spent a great deal of time, effort and expense to develop its intellectual property portfolio including its copyrights for its Halloween artwork.

     A short while ago, it came to our attention that Smiffy's USA and/or Smiffy's Sales Services, Inc. (hereinafter "Smiffy's") has been marketing, distributing, offering for sale and selling, without Atico's authorization or consent, certain Halloween related items, specifically certain doormats depicting Atico's Halloween artwork (hereinafter "Smiffy's Doormats"). Examples of such Smiffy's Doormats are shown in the 2006 Smiffy's Product Catalog as well as on the smiffys.com website, and include at least the following:

1.    Door Mat, Haunted House Design, Smiffy's Product Code 26533;
2.    Door Mat, Monster Design, Smiffy's Product Code 26534; and,
3.    Door Mat, Vampire Design, Smiffy's Product Code 26535.

     The artwork depicted on Smiffy's Doormats is a direct copy of Atico's Halloween artwork, which constitutes an infringement of Atico's valuable intellectual property rights.

---



Upon learning of Smiffy's infringement, we attempted to contact you by letter at Smiffy's Van Nuys address as listed on the Smiffy's website. The letter was returned to us as unreceived after several weeks. With Halloween fast approaching and Smiffy's continuing to sell the infringing Smiffy's Doormats, we felt we had no option but to file a law suit for copyright infringement against Smiffy's. We filed a Complaint for copyright infringement against Smiffy's in the District of Columbia on October 11, 2006. A copy of the Complaint is attached.

As stated in the Complaint, Atico demands that Smiffy's identify all products marketed and distributed by Smiffy's containing Atico's Halloween artwork, provide an accounting of any and all of Smiffy's profits derived from the sale or distribution of products depicting works of Atico's Halloween artwork, and disgorge the same to Atico.

Atico further demands that Smiffy's cease the distribution, sale and offer for sale of any and all products depicting Atico's Halloween artwork, and any and all colorable imitations thereof, including but not limited to, any representations thereof contained on its websites or in its product or marketing literature.

Atico further demands that all infringing products and product and marketing literature be destroyed and that evidence of the destruction be provided to Atico, or that these products and materials be immediately turned over to Atico.

We are willing to hold off on serving the Complaint to allow Smiffy's an opportunity to meet our demands without the court's involvement. Nevertheless, with Halloween fast approaching, we request a response to these demands within a week of the date of this letter, or by no later than Thursday, October 19, 2006.

Sincerely,

James Remenick

Enclosure

cc:    Daniel W. Forbes
       Atico International USA, Inc.



1300 EYE STREET, N.W.
400 EAST TOWER
WASHINGTON, DC 20005

TELEPHONE
202.659.0100

FACSIMILE
202.659.0105

www.novakdruce.com

**Via Facsimile and Federal Express**

October 12, 2006

Mr. Glen Schecter
Smiffy's USA and Smiffy's Sales Services, Inc.
21400 Ridgetop Circle
Suite 140
Dulles, Virginia  20166-6511

Re: **Door Mat, Haunted House Design 445X350mm; Door Mat, Monster Design, 445X350mm; and Door Mat, Vampire Design 445X350mm vis à vis U.S. Copyright Registration No. VAu671-812**

Dear Mr. Schecter:

We represent Atico International, Inc. and Atico International USA, Inc. ("Atico"), which is a designer and manufacturer of, among other things, housewares, electronics, home décor, giftware, and stationary products.  In addition to the above, Atico designs and manufacturers a number of seasonal products including Halloween related products such as masks, costumes, wigs, hats, costume accessories, novelty items as well as Halloween-themed home décor items.

Several of Atico's designs and artworks include the depiction of a Haunted House, a Frankenstein-type Monster, and Dracula ("Atico's Halloween artwork"), which are protected under U.S. Copyright Registration No. VAu671-812 and other pending copyright applications. Atico considers its intellectual property to be one of its most valuable assets and has spent a great deal of time, effort and expense to develop its intellectual property portfolio including its copyrights for its Halloween artwork.

A short while ago, it came to our attention that Smiffy's USA and/or Smiffy's Sales Services, Inc. (hereinafter "Smiffy's") has been marketing, distributing, offering for sale and selling, without Atico's authorization or consent, certain Halloween related items, specifically certain doormats depicting Atico's Halloween artwork (hereinafter "Smiffy's Doormats"). Examples of such Smiffy's Doormats are shown in the 2006 Smiffy's Product Catalog as well as on the smiffys.com website, and include at least the following:

1.     Door Mat, Haunted House Design, Smiffy's Product Code 26533;
2.     Door Mat, Monster Design, Smiffy's Product Code 26534; and,
3.     Door Mat, Vampire Design, Smiffy's Product Code 26535.

The artwork depicted on Smiffy's Doormats is a direct copy of Atico's Halloween artwork, which constitutes an infringement of Atico's valuable intellectual property rights.

---



Upon learning of Smiffy's infringement, we attempted to contact you by letter at Smiffy's Van Nuys address as listed on the Smiffy's website. The letter was returned to us as unreceived after several weeks. With Halloween fast approaching and Smiffy's continuing to sell the infringing Smiffy's Doormats, we felt we had no option but to file a law suit for copyright infringement against Smiffy's. We filed a Complaint for copyright infringement against Smiffy's in the District of Columbia on October 11, 2006. A copy of the Complaint is attached.

As stated in the Complaint, Atico demands that Smiffy's identify all products marketed and distributed by Smiffy's containing Atico's Halloween artwork, provide an accounting of any and all of Smiffy's profits derived from the sale or distribution of products depicting works of Atico's Halloween artwork, and disgorge the same to Atico.

Atico further demands that Smiffy's cease the distribution, sale and offer for sale of any and all products depicting Atico's Halloween artwork, and any and all colorable imitations thereof, including but not limited to, any representations thereof contained on its websites or in its product or marketing literature.

Atico further demands that all infringing products and product and marketing literature be destroyed and that evidence of the destruction be provided to Atico, or that these products and materials be immediately turned over to Atico.

We are willing to hold off on serving the Complaint to allow Smiffy's an opportunity to meet our demands without the court's involvement. Nevertheless, with Halloween fast approaching, we request a response to these demands within a week of the date of this letter, or by no later than Thursday, October 19, 2006.

Sincerely,

James Kaminick

Enclosure

cc:    Daniel W. Forbes
       Atico International USA, Inc.



1300 EYE STREET, N.W.
400 EAST TOWER
WASHINGTON, DC 20005

TELEPHONE
202.659.0100

FACSIMILE
202.659.0105

www.novakdruce.com

**Via Facsimile and Federal Express**

October 12, 2006

Mr. Glen Schecter
Smiffy's USA and Smiffy's Sales Services, Inc.
International Toy Center
Suite 1419 - 1425
200 Fifth Avenue
New York, NY 10010

> **Re:**  **Door Mat, Haunted House Design 445X350mm; Door Mat, Monster Design, 445X350mm; and Door Mat, Vampire Design 445X350mm vis à vis U.S. Copyright Registration No. VAu671-812**

Dear Mr. Schecter:

We represent Atico International, Inc. and Atico International USA, Inc. ("Atico"), which is a designer and manufacturer of, among other things, housewares, electronics, home décor, giftware, and stationary products. In addition to the above, Atico designs and manufacturers a number of seasonal products including Halloween related products such as masks, costumes, wigs, hats, costume accessories, novelty items as well as Halloween-themed home décor items.

Several of Atico's designs and artworks include the depiction of a Haunted House, a Frankenstein-type Monster, and Dracula ("Atico's Halloween artwork"), which are protected under U.S. Copyright Registration No. VAu671-812 and other pending copyright applications. Atico considers its intellectual property to be one of its most valuable assets and has spent a great deal of time, effort and expense to develop its intellectual property portfolio including its copyrights for its Halloween artwork.

A short while ago, it came to our attention that Smiffy's USA and/or Smiffy's Sales Services, Inc. (hereinafter "Smiffy's") has been marketing, distributing, offering for sale and selling, without Atico's authorization or consent, certain Halloween related items, specifically certain doormats depicting Atico's Halloween artwork (hereinafter "Smiffy's Doormats"). Examples of such Smiffy's Doormats are shown in the 2006 Smiffy's Product Catalog as well as on the smiffys.com website, and include at least the following:

1.  Door Mat, Haunted House Design, Smiffy's Product Code 26533;
2.  Door Mat, Monster Design, Smiffy's Product Code 26534; and,
3.  Door Mat, Vampire Design, Smiffy's Product Code 26535.

---



The artwork depicted on Smiffy's Doormats is a direct copy of Atico's Halloween artwork, which constitutes an infringement of Atico's valuable intellectual property rights.

Upon learning of Smiffy's infringement, we attempted to contact you by letter at Smiffy's Van Nuys address as listed on the Smiffy's website. The letter was returned to us as unreceived after several weeks. With Halloween fast approaching and Smiffy's continuing to sell the infringing Smiffy's Doormats, we felt we had no option but to file a law suit for copyright infringement against Smiffy's. We filed a Complaint for copyright infringement against Smiffy's in the District of Columbia on October 11, 2006. A copy of the Complaint is attached.

As stated in the Complaint, Atico demands that Smiffy's identify all products marketed and distributed by Smiffy's containing Atico's Halloween artwork, provide an accounting of any and all of Smiffy's profits derived from the sale or distribution of products depicting works of Atico's Halloween artwork, and disgorge the same to Atico.

Atico further demands that Smiffy's cease the distribution, sale and offer for sale of any and all products depicting Atico's Halloween artwork, and any and all colorable imitations thereof, including but not limited to, any representations thereof contained on its websites or in its product or marketing literature.

Atico further demands that all infringing products and product and marketing literature be destroyed and that evidence of the destruction be provided to Atico, or that these products and materials be immediately turned over to Atico.

We are willing to hold off on serving the Complaint to allow Smiffy's an opportunity to meet our demands without the court's involvement. Nevertheless, with Halloween fast approaching, we request a response to these demands within a week of the date of this letter, or by no later than Thursday, October 19, 2006.

Sincerely,

James Remenick

Enclosure

cc:    Daniel W. Forbes
       Atico International USA, Inc.



1300 EYE STREET, N.W.
400 EAST TOWER
WASHINGTON, DC 20005

TELEPHONE
202.659.0100

FACSIMILE
202.659.0105

www.novakdruce.com

**<u>Via Facsimile and Federal Express</u>**

October 12, 2006

Mr. Glen Schecter
Smiffy's USA and Smiffy's Sales Services, Inc.
16673 Roscoe Boulevard
North Hills, CA 91343

   **Re: Door Mat, Haunted House Design 445X350mm; Door Mat, Monster Design, 445X350mm; and Door Mat, Vampire Design 445X350mm vis à vis U.S. Copyright Registration No. VAu671-812**

Dear Mr. Schecter:

  We represent Atico International, Inc. and Atico International USA, Inc. ("Atico"), which is a designer and manufacturer of, among other things, housewares, electronics, home décor, giftware, and stationary products. In addition to the above, Atico designs and manufacturers a number of seasonal products including Halloween related products such as masks, costumes, wigs, hats, costume accessories, novelty items as well as Halloween-themed home décor items.

  Several of Atico's designs and artworks include the depiction of a Haunted House, a Frankenstein-type Monster, and Dracula ("Atico's Halloween artwork"), which are protected under U.S. Copyright Registration No. VAu671-812 and other pending copyright applications. Atico considers its intellectual property to be one of its most valuable assets and has spent a great deal of time, effort and expense to develop its intellectual property portfolio including its copyrights for its Halloween artwork.

  A short while ago, it came to our attention that Smiffy's USA and/or Smiffy's Sales Services, Inc. (hereinafter "Smiffy's") has been marketing, distributing, offering for sale and selling, without Atico's authorization or consent, certain Halloween related items, specifically certain doormats depicting Atico's Halloween artwork (hereinafter "Smiffy's Doormats"). Examples of such Smiffy's Doormats are shown in the 2006 Smiffy's Product Catalog as well as on the smiffys.com website, and include at least the following:

  1. Door Mat, Haunted House Design, Smiffy's Product Code 26533;
  2. Door Mat, Monster Design, Smiffy's Product Code 26534; and,
  3. Door Mat, Vampire Design, Smiffy's Product Code 26535.

  The artwork depicted on Smiffy's Doormats is a direct copy of Atico's Halloween artwork, which constitutes an infringement of Atico's valuable intellectual property rights.



Upon learning of Smiffy's infringement, we attempted to contact you by letter at Smiffy's Van Nuys address as listed on the Smiffy's website. The letter was returned to us as unreceived after several weeks. With Halloween fast approaching and Smiffy's continuing to sell the infringing Smiffy's Doormats, we felt we had no option but to file a law suit for copyright infringement against Smiffy's. We filed a Complaint for copyright infringement against Smiffy's in the District of Columbia on October 11, 2006. A copy of the Complaint is attached.

As stated in the Complaint, Atico demands that Smiffy's identify all products marketed and distributed by Smiffy's containing Atico's Halloween artwork, provide an accounting of any and all of Smiffy's profits derived from the sale or distribution of products depicting works of Atico's Halloween artwork, and disgorge the same to Atico.

Atico further demands that Smiffy's cease the distribution, sale and offer for sale of any and all products depicting Atico's Halloween artwork, and any and all colorable imitations thereof, including but not limited to, any representations thereof contained on its websites or in its product or marketing literature.

Atico further demands that all infringing products and product and marketing literature be destroyed and that evidence of the destruction be provided to Atico, or that these products and materials be immediately turned over to Atico.

We are willing to hold off on serving the Complaint to allow Smiffy's an opportunity to meet our demands without the court's involvement. Nevertheless, with Halloween fast approaching, we request a response to these demands within a week of the date of this letter, or by no later than Thursday, October 19, 2006.

Sincerely,

James Remenick

Enclosure

cc:    Daniel W. Forbes
       Atico International USA, Inc.

# Exhibit E

## ✖✖  T R A N S M I S S I O N   R E P O R T  ✖✖

SID : NDDQ LLP                    Number :  2026590105                Date : 10-12-06 15:46

| Date/Time | 10-12 15:42 |
|---|---|
| Dialled number | 918882573082 |
| Subscriber | 8882573082 |
| Durat. | 4'27" |
| Mode | NORMAL |
| Pages | 22 |
| Status | Correct |



**✱✱ TRANSMISSION REPORT ✱✱**

SID : NDDQ LLP                    Number : 2026590105              Date : 10-12-06 15:55

| Date/Time | 10-12 15:49 |
|---|---|
| Dialled number | 917034443145 |
| Subscriber | 8882573082 |
| Durat. | 6'09" |
| Mode | NORMAL |
| Pages | 22 |
| Status | Correct |



1300 Eye Street N.W.
Washington, DC 20005
Telephone: 202.659.0100
Facsimile: 202.659.0105
www.novakdruce.com

**Novak Druce DeLuca
& Quigg, LLP**

# Fax

| To: | Mr. Glen Schecter | From: | James Remenick |
|---|---|---|---|
| Fax: | 703 444 3145 | Pages: | 22 (including cover sheet) |
| Phone: | | Date: | October 12, 2006 |
| Re: | Door Mat, Haunted House Design; 445X350mm; Door Mat, Monster Design, 445X350mm; and Door Mat, Vampire Design 445X350mm via å via U.S. Copyright Registration No. VAu671-812 | cc: | Daniel Forbes

Atico International USA, Inc. |

X Urgent      ☐ For Review      ☐ Please Comment      ☐ Please Reply      ☐ Please Recycle

● Comments:

## Please see the attached.

Confidentiality Notice: This facsimile and any attachments contain information from the law firm of Novak Druce DeLuca & Quigg, LLP, which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this facsimile. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimile is prohibited. If you receive this facsimile in error, please notify us by reply facsimile immediately so that we can arrange for the retrieval of the original documents at no cost to you.

## Marcia Daraban

**From:**    TrackingUpdates@fedex.com
**Sent:**    Friday, October 13, 2006 2:58 PM
**To:**    Marcia Daraban
**Subject:** FedEx Shipment 791144075243 Delivered

---

This tracking update has been requested by:

Name:  Slawek Mosiolek

E-mail:  'not provided by requestor'

---

Our records indicate that the following shipment has been delivered:

Tracking number:          791144075243
Reference:                8134.004.CPY
Ship (P/U) date:          Oct 12, 2006
Delivery date:            Oct 13, 2006 11:48 AM
Sign for by:              B.DUNITZ
Delivered to:             Receptionist/Front Desk
Service type:             FedEx Standard Overnight
Packaging type:           FedEx Envelope
Number of pieces:         1
Weight:                   0.5 LB

Shipper Information          Recipient Information
Slawek Mosiolek              Glen Schecter
1300 Eye St. NW              Smiffy's
400 East Tower               16673 Roscoe Boulevard
Washington                   North Hills
DC                           CA
US                           US
20005                        91343

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 1:58 PM  CDT
on 10/13/2006.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

## Marcia Daraban

**From:** TrackingUpdates@fedex.com
**Sent:** Thursday, October 19, 2006 3:33 PM
**To:** Marcia Daraban
**Subject:** FedEx Shipment 799519105218 Delivered

---

This tracking update has been requested by:

Name:  Slawek Mosiolek

E-mail:  'not provided by requestor'

---

Our records indicate that the following shipment has been delivered:

```
Tracking number:           799519105218
Reference:                 8134.004.CPY
Ship (P/U) date:           Oct 12, 2006
Delivery date:             Oct 19, 2006 11:14 AM
Sign for by:               B.DUNITZ
Delivered to:              Receptionist/Front Desk
Service type:              FedEx Standard Overnight
Packaging type:            FedEx Envelope
Number of pieces:          1
Weight:                    0.5 LB
```

```
Shipper Information           Recipient Information
Slawek Mosiolek               Glen Schecter
1300 Eye St. NW               Smiffy's
400 East Tower                7020 Hayvenhurst Ave.
Washington                    Suite D
DC                            Van Nuys
US                            CA
20005                         US
                              91406
```

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 1:26 PM  CDT
on 10/19/2006.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.





FedEx | Ship Manager | Label 7980 1958 2353

From:  Origin ID: (202)659-0100
Slawek Mosiolek
1300 Eye St. NW
400 East Tower
Washington, DC 20005

SHIP TO: (202)659-0100
Glen Schecter
Smiffy's
21400 Ridgetop Circle
Suite 140
Dulles, VA 201666511

BILL SENDER

Ship Date: 12OCT06
ActWgt: 1 LB
System#: 4256282/INET2500
Account# S *******

REF: 8134.004 CPY

Delivery Address Bar Code

STANDARD OVERNIGHT

TRK# 7980 1958 2353

20166 -VA-US

19 WGOA

FORM
0201

IAD

FRI
Deliver By:
13OCT06
A1

Page 1 of 1

FedEx Express

FedEx Express Urgent

Name  BIS Par
Company  Shor Slawak
Address
City, State, Zip
Telephone
FROM

Press Here. Press Here. Press Here. Press Here. Press Here. Press Here. Press Here.

This pouch is resealable.

# Exhibit F



Michael J. Freno
Direct 212.908.6381
mfreno@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

October 25, 2006                                      **WITHOUT PREJUDICE**

*Via E-mail and*
*Facsimile 202.659.0105*

James Remenick
Novak Druce LLP
1300 Eve Street, N.W.
400 East Tower
Washington, DC 20005

                        Re:     Case No. 06-cv-01742-EGS

Dear Jim:

        We found your communication of yesterday to be terse and evasive, given what we had
thought was your client's desire to resolve this matter amicably.  Although we planned to speak
today about the above-referenced matter, please consider this letter Smiffy's response to Atico
International USA, Inc.'s ("Atico") inquiries.

        As you know, a copyright registration is merely *prima facie* evidence of ownership in a
copyright, and therefore rebuttable.  We have explained to you that Smiffy's foreign supplier
claims to be the author and owner of the works in question, namely products 26533, 26534, and
26535—which are the only works alleged to be infringed in Atico's complaint.  We have also
explained to you that Smiffy's supplier has indicated that although Atico was once a licensee
under the copyrights, that license has lapsed.  If that is the case, Atico obviously lacks standing
to bring the subject copyright claims against Smiffy's.

        Given the foregoing facts, and in the spirit of promptly resolving this matter without
further expense to either party, we presented Atico with an opportunity to respond to this
information, identify the person it believed to be the author(s) of the works, and present us with
proof of copyright ownership.  Because Atico has rejected this opportunity, we can only assume
that Atico cannot substantiate its ownership of the copyrights.  Thus, proceeding with the case
would be wasteful of both parties' time and money, not to mention the Court's.

        As we have previously stated, our client's sales of the accused products in the United
States have been extremely low.  For purely business reasons, fully unrelated to the merits, or
lack thereof, of this dispute, Smiffy's will remove the products from its website and stop offering
to sell the products in the United States.

James Remenick, Esq.
October 25, 2006
Page 2



   At this time, we consider the matter fully closed.

   This letter is sent without prejudice to any and all rights of our client to seek all available remedies against you and your client in the event you and your client persist in prosecuting this case.

   Very truly yours,

   Michael J. Freno

cc:   Joseph Nicholson, Esq.
      Jonathan D. Reichman, Esq.

# Exhibit G

rnia Secretary of State - California Business Search - Corporat...       http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C...

# California Business Portal

### Secretary of State BRUCE McPHERSON

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS |

**Business Search**
**Corporations**

**Printer Friendly Page**

**New Search**

**Search Tips**

**Field Definitions**

**Status Definitions**

**Name Availability**

**Corporate Records**

**Business Entities
Records Order Form**
  Certificates
  Copies
  Status Reports

**FAQS**

**Corporations Main Page**

**Site Search**

# Corporations

The information displayed here is current as of "JUL 28, 2006" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| SMIFFY'S USA |
| **Number:** C2533151  **Date Filed:** 6/16/2003  **Status:** active |
| **Jurisdiction:** California |
| **Address** |
| 7020 HAYVENHURST AVENUE UNIT D |
| VAN NUYS, CA 91401 |
| **Agent for Service of Process** |
| GLEN SCHECTER |
| 7020 HAYVENHURST AVENUE UNIT D |
| VAN NUYS, CA 91401 |

**Printer Friendly**

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. **Privacy Statement.**

# California Business Portal

### Secretary of State BRUCE McPHERSON

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS

**Business Search Corporations**

- **Printer Friendly Page**
- **New Search**
- **Search Tips**
- **Field Definitions**
- **Status Definitions**
- **Name Availability**
- **Corporate Records**
- **Business Entities Records Order Form**
  - **Certificates**
  - **Copies**
  - **Status Reports**
- **FAQS**
- **Corporations Main Page**
- **Site Search**

# Corporations

The information displayed here is current as of "JUL 28, 2006" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| SMIFFY'S SALES SERVICES, INC. |
| **Number:** C2798354  **Date Filed:** 8/5/2005  **Status:** active |
| **Jurisdiction:** VIRGINIA |
| **Address** |
| 7020 HAYVENHURST AVENUE SUITE D |
| VAN NUYS, CA 91406 |
| **Agent for Service of Process** |
| GLEN SCHECTER |
| 8759 ZELZAH AVE |
| NORTHRIDGE, CA 91325 |

**Printer Friendly**

**New Search**

- For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code **Section 2114** for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

California Business Search                          http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C..



**DISCLAIMER:** The information displayed here is current as of OCT 27, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

|  |  |  |
|---|---|---|
| **Corporation** | | |

SMIFFY'S USA

**Number:** C2533151      **Date Filed:** 6/16/2003      **Status:** suspended

**Jurisdiction:** California

|  |
|---|
| **Address** |

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

|  |
|---|
| **Agent for Service of Process** |

GLEN SCHECTER

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

California Business Search                    http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C..



## California Business Portal

### Secretary of State BRUCE McPHERSON

**DISCLAIMER:** The information displayed here is current as of OCT 27, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

SMIFFY'S SALES SERVICES, INC.

**Number:** C2798354          **Date Filed:** 8/5/2005          **Status:** active

**Jurisdiction:** VIRGINIA

### Address

7020 HAYVENHURST AVENUE SUITE D

VAN NUYS, CA 91406

### Agent for Service of Process

GLEN SCHECTER

8759 ZELZAH AVE

NORTHRIDGE, CA 91325

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

California Business Search                     http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C..



**DISCLAIMER:** The information displayed here is current as of NOV 24, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|

SMIFFY'S USA

**Number:** C2533151     **Date Filed:** 6/16/2003     **Status:** suspended

**Jurisdiction:** California

| Address |
|---|

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

| Agent for Service of Process |
|---|

GLEN SCHECTER

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

California Business Search                    http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C.



**DISCLAIMER:** The information displayed here is current as of NOV 24, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

SMIFFY'S SALES SERVICES, INC.

**Number:** C2798354      **Date Filed:** 8/5/2005      **Status:** active

**Jurisdiction:** VIRGINIA

### Address

7020 HAYVENHURST AVENUE SUITE D

VAN NUYS, CA 91406

### Agent for Service of Process

GLEN SCHECTER

8759 ZELZAH AVE

NORTHRIDGE, CA 91325

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# Exhibit H

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ATICO INTERNATIONAL USA, INC.,
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

SMIFFY'S USA
and
SMIFFY'S SALES SERVICES, INC.
Defendants.

CASE NUMBER:   1:06CV01742   *EGS*

TO: (Name and address of Defendant)

Smiffy's USA
7020 Hayvenhurst Ave., Suite D
Van Nuys, CA 91406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Remenick
Novak Druce & Quigg LLP
1300 Eye St. NW
400 East Tower
Washington, DC 20005

an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

NOV 03 2006

CLERK

_Jackie France_

(By) DEPUTY CLERK

DATE

Fax sent by : 2026590105          NDDQ LLP                    11-03-06 16:45    Pg: 8/27

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 11-7-06 at 11:20 AM |

| NAME OF SERVER *(PRINT)* Jack Kessler | TITLE Register California Server |
|---|---|

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant. Place where served: 8759 Zelzah Ave. Northridge CA
Glen Schecter, agent, person authorized to Receive

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

G   Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 26.50 | TOTAL 26.50 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   11-9-06
              *Date*

X _____ Kessler
*Signature of Server*
DDS Legal Support
2900 Bristol St E-106
Costa Mesa, CA 92626
*Address of Server*
Tel 714-662 5555

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ATICO INTERNATIONAL USA, INC.,
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

SMIFFY'S USA
and
SMIFFY'S SALES SERVICES, INC.
Defendants.

CASE NUMBER:    1:06CV01742  *EGS*

TO: (Name and address of Defendant)

Smiffy's Sales Services, Inc.
7020 Hayvenhurst Ave., Suite D
Van Nuys, CA 91406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Remenick
Novak Druce & Quigg LLP
1300 Eye St. NW
400 East Tower
Washington, DC 20005

an answer to the complaint which is served on you with this summons, within _____ **20** _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

**NOV 03 2006**

CLERK

Jackie Francis

DATE

(By) DEPUTY CLERK

Fax sent by : 2026590185          NDDQ LLP                    11-03-06 16:45    Pg: 8/27

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | 11-7-06 at 11:20 AM |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Jack Kessler | Register California Server |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served: **8759 Zelzah Ave. Northridge CA**
**Glen Schecter, agent, person authorized to receive**

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 8.00 | 80.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on **11-9-06**        X _J Kessler_
          Date                Signature of Server

DDS Legal Support
2900 Bristol St E-106
Costa Mesa, CA 92626
          Address of Server
Tel 714-662 5555

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit I

## James Remenick

**From:** Nicholson, Joseph [JNicholson@kenyon.com]
**Sent:** Wednesday, November 15, 2006 4:32 PM
**To:** James Remenick
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Remenick,

We learned from our client today that you have tried to serve Atico's complaint on Smiffy's California affiliate. Unfortunately, the person who received the complaint has not been employed by our client for some time, had no idea what was being delivered to him (which was, incidentally, at his home), and in any event certainly at no authority to accept service on behalf of our client.

Putting the issue of your ineffective service aside, however, I would like to discuss with you what your client is trying to achieve by this litigation, given the information we have already provided to you. As you know, our client's sales of the subject items in the U.S. were innocent and *de minimus*, our client ceased selling the items immediately upon hearing from you, and there is serious doubt as to the validity of your client's claim of copyright ownership as well as the copyright registration(s) being asserted. Under these facts, it appears that you are wasting both our clients' time and money, and are further preparing to waste judicial resources.

With the foregoing in mind, may I suggest that you contact me at your earliest convenience to discuss a resolution to this matter in a way that avoids a further drain on the business of our respective clients?

Very truly yours,


**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# Exhibit J

## James Remenick

**From:**  James Remenick
**Sent:**  Monday, November 20, 2006 9:49 PM
**To:**  'Nicholson, Joseph'
**Cc:**  'Dan Forbes'; Dina Grinshpun; Marcia Daraban; 'Freno, Michael'
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Nicholson – We received your e-mail repeated below. As you know from Mike Freno, Atico filed a complaint against Smiffy's USA and Smiffy's Sales Services after attempts to contact Smiffys by letter and phone were ignored or otherwise frustrated. The complaint was not officially served on Smiffy's in the hope of resolving this matter without the necessity of a trial.

Your client apparently received a copy of the complaint and promptly forwarded it at least to Mr. Freno who contacted me by telephone. He, like you, dismissed the matter out of hand, but at the same time demanded discovery from Atico on Atico's ownership of the copyright. I directed Mr. Freno to the US Copyright Office for confirmation on the issue of ownership. I next received a letter from Mr. Freno stating that I failed to take the opportunity to comply with his discovery demands and, therefore, he considered the matter closed. I left a telephone message for Mr. Freno the next day and requested authorization for him to accept service of the complaint. He never responded which left Atico with no choice but to contact a process server in California.

As for service, we received confirmation from the process server that the summons and complaint were properly executed on Mr. Glen Schecter for both Smiffy's USA and Smiffy's Sales Services. We have no documentation or information of service to an ex-employee or that service was in any way ineffective.

Despite the considerable time and expense you have caused both Atico and also judicial resources, Atico is and has always been prepared to discuss a possible resolution. If, this time, your intention is sincere, please send us documentation of the assertions of your positions below.

As I stated in my discussions with Mr. Freno, Atico does not consider this present correspondence between us as subject to Rule 408.

Sincerely

## James Remenick
_____

## Novak Druce & Quigg LLP
**E-mail: jim.remenick@novakdruce.com**

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

**Confidentiality Notice: This email and any attachments contain information from the law firm of Novak Druce & Quigg LLP, which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this email. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited. If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you. IRS CIRCULAR 230 Disclosure: Under U.S. Treasury regulations, we are required to inform you that any tax advice contained in this e-mail or any attachment hereto is not**

# Exhibit K

## James Remenick

| | |
|---|---|
| **From:** | Nicholson, Joseph [JNicholson@kenyon.com] |
| **Sent:** | Tuesday, November 28, 2006 12:17 PM |
| **To:** | James Remenick |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |

**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Remenick,

By now you should have been served with the motion to dismiss we filed yesterday. As you know, I attempted to reach you by telephone yesterday and was forced to leave you a voice message. The motion could have been avoided had you simply returned the call, as I would have sought your consent to extend the time by which our client was required to answer or otherwise plead. While you complain about wasting the time and money of Atico and the Court, your actions continue to suggest that this is really of no consequence to you.

Had you returned my call and consented to an extension of time, I am sure we would have been able to provide you with the documentation you have requested within such extension period. Obviously, we are still willing to provide whatever documentation we can in order to convince you that this case is a foolish waste. Kindly inform us of what exactly you would like to see. As you are aware, our client's profits on sales of the subject door mats were less than $500, and even less than that counting only United States sales. If you wish to have an affidavit to that effect from our client, I can arrange that easily. If that is not satisfactory and you will require something far more complicated or time-consuming, I suspect we will have little choice but to consider making an offer of judgment and seeking from Atico all of our client's expenses and attorneys fees thereafter.

Very truly yours,

**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# Exhibit L

## James Remenick

| | |
|---|---|
| **From:** | James Remenick |
| **Sent:** | Wednesday, November 29, 2006 6:19 PM |
| **To:** | Nicholson, Joseph |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |

**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Nicholson:

I received the voice mail message you left me Monday afternoon, which mentioned nothing of an extension, but the possibility of resolving the matter without a trial. Had you requested an extension, it would have been granted, and Atico remains open to any settlement proposal you wish to make. However, it did not escape our notice that your supposed last minute request was followed within about two hours by the filing of your motion with the court.

In any case, Smiffy's motion to dismiss was located on the Court's electronic database today. As you are well aware, Atico's complaint was served on the person that Smiffy's listed with the California Department of State as the agent authorized for service at the address that Smiffy's listed - the same person who is listed as the contact person on Smiffy's website. Clearly, Smiffy's received notice of service, just like Smiffy's received the letter we sent to the attention of the same Mr. Glen Schecter, with a copy of the complaint, over a month ago. If you want us to serve the complaint on another agent authorized to accept service, please provide such person's name and address by noon tomorrow and we will be happy to serve that person as well. Absent that you will be facing our demand for attorney fees for responding to your unsubstantiated motion.

Very truly yours,

## James Remenick

**Novak Druce & Quigg LLP**
**E-mail:** jim.remenick@novakdruce.com

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ATICO INTERNATIONAL USA INC., | |
| Plaintiff, | |
| v. | Civil No. 06-1742 (EGS) |
| SMIFFY'S USA | |
| and | |
| SMIFFY'S SALES SERVICES, INC. | |
| Defendants. | |

**[PROPOSED] ORDER**

On consideration of Plaintiff Atico International USA Inc.'s Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Insufficiency of Service and Plaintiff's Request for Attorney's Fees, for the good cause shown, it is hereby

ORDERED that Defendants' Motion to Dismiss for Insufficiency of Service be denied and that Defendants pay Plaintiff's costs and attorney's fees incurred herein.

Dated: _____      _____

United States District Court Judge

1