**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ATICO INTERNATIONAL USA INC.,

        Plaintiff,

    v.

SMIFFY'S USA, INC.,
16673 Roscoe Blvd.,
North Hills, California 91343

      and

SMIFFY'S SALES SERVICES, INC.,

        Defendants.

Civil No. 06-1742 (EGS)

MOTION TO DISMISS

**DEFENDANT SMIFFY'S USA, INC.'S MEMORANDUM**
**IN REPLY TO ATICO'S BRIEF IN OPPOSITION TO SMIFFY'S**
**MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ON REPLY ....................................................................1

STATEMENT OF FACTS ...........................................................................................2

    A.    Atico Allegedly Attempted to Contact Smiffy's
           Before Filing Its Complaint ....................................................................2

    B.    Smiffy's Contacted Atico Upon Learning About Its
           Filing of the Complaint..........................................................................3

    C.    Atico Attempted Service of the Complaint on Mr.
           Glen Schecter ......................................................................................4

    D.    Atico Filed the Defective Service of Process with
           the Court With Full Knowledge That Mr. Schecter
           Was Not An Employee of Smiffy's.........................................................5

    E.    Atico Incorrectly Relies on the California State
           Department Website...............................................................................8

ARGUMENT ..........................................................................................................10

I.    Even Though Atico Knew That Mr. Schecter Was Not A
    Proper Agent To Receive Service Of Its Complaint, It
    Served Him In The Hope That Atico Could Do So
    Unbeknownst To Smiffy's In Preparation for An Improper
    Request for Default Judgment ...............................................................10

    A.    Atico Knowingly Ignored Compliance With Fed. R.
           Civ. P. 4(h)(1) When It Filed The Certificate of
           Service With This Court .........................................................................11

           1.    Smiffy's Eventual Receipt of Notice of
                 Service from Mr. Schecter on November 15,
                 2006 Does Not Remedy Atico's Defective
                 Service ....................................................................................12

           2.    Atico's Mistaken Belief that Glen Schecter
                 Was Still Somehow Associated with
                 Smiffy's Cannot Cure a Defective Service ....................................15

           3.    Atico *Knew* that Mr. Schecter was Not an
                 Employee of Smiffy's When Atico Filed the
                 Return of Service with this Court ..................................................16

B.    Atico Failed to Comply with Provisions Under
California Law, Where the Alleged Service
Occurred.................................................................................17

      1.    Atico Certainly Never Complied with
California's Substitute Service Provision.......................................17

      2.    Atico Failed to Exercise Diligence Before
Serving Mr. Schecter .....................................................18

II.    Under The Circumstances, Plaintiff's Demand For
Attorney's Fees Is Unprecedented .........................................................20

CONCLUSION.................................................................................24

## PRELIMINARY STATEMENT ON REPLY

Smiffy's filed its motion to dismiss on November 27 as a last resort and to prevent a default judgment from being entered against Smiffy's. Despite Atico's distorted version of the facts, Atico was clearly hoping to secure an easy default judgment against Smiffy's by playing games with service of process, refusing to return Smiffy's counsel's calls and ultimately serving someone (Mr. Glen Schecter) whom they had every reason to believe was no longer an employee of Smiffy's. Not only did Smiffy's actually tell Atico that Mr. Schecter was no longer employed by Smiffy's, but the only time Atico ever reached Mr. Schecter (after numerous alleged attempts) was at his home, not at Smiffy's offices.

Completely cognizant of the defect in its service of process on Mr. Schecter, Atico nonetheless decided to file a return of service affidavit with this Court—a prerequisite for a request for default judgment (see FED.R.CIV.P. 55(a))—on the day before the long Thanksgiving holiday and without ever telling Smiffy's counsel. It was only through good fortune and vigilance that Smiffy's even learned about the November 27 deadline to answer Atico's complaint.

Even today, there is no reasonable explanation why Atico could not have simply served someone at Smiffy's headquarters at 16673 Roscoe Blvd., North Hills, California, which is the publicly identified address on Smiffy's website (Exh. 17)[1], especially after Smiffy's told Atico back on November 15 that Mr. Schecter had not worked for Smiffy's for some time. Even though Smiffy's fully expects that Atico will ultimately serve its complaint on Smiffy's properly if it finds reasonable grounds to assert its cause (instead of trying to sneak in a default judgment), Atico should be required to properly serve Smiffy's—not an ex-employee of Smiffy's.

---

[1]     For the purpose of this brief, all numbered exhibits refer to exhibits attached to the

## STATEMENT OF FACTS

Because plaintiff's version of the facts asserts several substantial falsehoods, Smiffy's states the facts more fully and with support.

### A.    Atico Allegedly Attempted to Contact Smiffy's Before Filing Its Complaint

According to Atico, Atico first sent a threatening letter to Glen Schecter on August 8, 2006 at 7020 Hayvenhurst Ave., Suite D, Van Nuys, California (the "7020 Hayvenhurst address"). See DI #6 at Exh. A. The 7020 Hayvenhurst address used to be the headquarters for Smiffy's USA and Mr. Schecter used to be the President, but Smiffy's has not used the address for months and Mr. Schecter has not worked for Smiffy's since May 2006. DI # 4-2 at ¶¶ 3-4. Smiffy's never received Atico's August 8 letter, and Atico admits that the it was returned to Atico unopened. DI # 6 at Exh. C.

Apparently, Atico next filed a complaint in this Court on October 11, 2006. According to Atico, it sent another threatening letter to Mr. Schecter, notifying him of the complaint, but this time, mailing it to four different addresses: the 7020 Hayvenhurst Ave. address (which was no longer associated with Smiffy's); 21400 Ridgetop Circle, Suite 140, Dulles, Virginia (which is not associated with Smiffy's); and International Toy Center, Suite 1419-1425, 200 Fifth Avenue, New York, New York (which was not associated with Smiffy's); and, 16673 Roscoe Boulevard, North Hills, California.[2] The last address, at Roscoe Boulevard, is the current principal place of business for Smiffy's USA (DI # 4-2 at ¶ 1), which is the address Smiffy's indicates on its website. Exh. 17. Not surprisingly, Smiffy's never received a copy of Atico's letter: Anything

---

Declaration of Michael J. Freno ("Freno Decl.").

2    Smiffy's, a small company, has undergone several corporate changes in the past year and is still in the process of changing its corporate structure. Although Smiffy's previously had an office in Virginia under the name of Smiffy's Sales Services, Inc.—which Atico has named as a party in its complaint—this company is no longer active. Exh. 15.

addressed to Mr. Glen Schecter would not be opened by Smiffy's in October 2006.

**B.    Smiffy's Contacted Atico Upon Learning About Its Filing of the Complaint**

On October 13, 2006, Kenyon & Kenyon LLP learned about Atico's complaint through its firm-wide court activity alert, which notifies Kenyon attorneys of new litigations on a daily basis. Freno Decl. at ¶ 2. Smiffy's investigated the matter, discovering that its supplier of the accused products claimed ownership in the works identified in Atico's complaint—namely, three Halloween mats.

On October 19, 2006, Smiffy's counsel contacted Atico, notifying Atico of its concerns regarding Atico's ownership over the works, notifying Atico that Smiffy's sales of the products were very small in the United States, and notifying Atico that it intended to stop selling the products until the dispute with Atico was resolved. Freno Decl. at ¶ 3. In particular, Smiffy's told Atico that Smiffy's supplier had indicated that it had itself created the works, and that although Atico was a past licensee, when Atico decided not to buy any more of the products from the foreign supplier, the supplier offered them to Smiffy's. Id. Smiffy's asked Atico if it could confirm that it was indeed entitled to ownership in the works. Exh. 2.

On October 23, 2006, Atico sent Smiffy's counsel a self-serving e-mail summarizing (not entirely accurately) the October 19, 2006 conversation between counsel. Exh. 1. Significantly, Atico left out Smiffy's request that Atico confirm that it owned rights in the Halloween mats, which Smiffy's told Atico in a return e-mail. Exh. 2. In response, Atico refused to answer any questions regarding its copyright, but instead, demanded an unspecified response from Smiffy's. Exh. 3. Smiffy's interpreted Atico's refusal to provide any confirmation of ownership as implying that it had improperly applied for copyright registrations over works for which it was not the proper owner, which Smiffy's explained to Atico. Exh. 4.

Because Smiffy's had only sold roughly 225 of the mats in North America at a total profit of $500, it made no business sense for Smiffy's to waste time or money paying an attorney to dispute the trivial matter with Atico. As such, Smiffy's stopped offering the mats for sale—a fact that is undisputed by Atico. Smiffy's expected that, upon realizing its error in filing U.S. copyright applications for works it did not own, Atico would simply go away, especially in view of Smiffy's decision to stop selling the products, and Smiffy's considered the matter closed. <u>Id.</u>

### C.    <u>Atico Attempted Service of the Complaint on Mr. Glen Schecter</u>

Nonetheless, unbeknownst to Smiffy's, on November 7, 2006, Atico allegedly attempted to serve the complaint on Smiffy's via Mr. Glen Schecter at his home address at 8759 Zelzag Avenue, Northridge, California. Exh. 7. On November 14, 2006, a week later, Mr. Schecter notified Smiffy's that he was served with a complaint and explicitly asked Smiffy's to have Mr. Schecter "removed from the case" as he no longer worked for Smiffy's. Exh. 16. Smiffy's then forwarded this fact to Smiffy's counsel on November 15 (<u>id.</u>), and Smiffy's counsel immediately wrote to Atico to correct its misconception that Mr. Schecter was associated with Smiffy's:

> [T]he person who received the complaint has not been employed by our client for some time, had no idea what was being delivered to him (which was, incidentally, at his home), and in any event certainly [had] no authority to accept service on behalf of our client.
>
> Putting the issue of your ineffective service aside, however, I would like to discuss with you what your client is trying to achieve by this litigation, given the information we have already provided to you. As you know, our client's sales of the subject items in the U.S. were innocent and *de minimus*, our client cease selling the items immediately upon hearing from you, and there is serious doubt as to the validity of your client's claim of copyright ownership as well as the copyright registration(s) being asserted. Under these facts, it appears that you are wasting both our client's time and money, and are further preparing to waste judicial resources.

> With the foregoing in mind, may I suggest that you contact me at your earliest convenience to discuss a resolution to this matter in a way that avoids a further drain on the business of our respective clients?  [Exh. 5].

As an aside, in Atico's opposition brief, Atico states that "Smiffy's attorneys . . . withheld the information that Mr. Schecter no longer worked for Smiffy's."  DI #6 at 1.  <u>Atico's statement is willfully false</u>.  During the initial conversations with Atico, Atico never mentioned that it had sent any letters to Mr. Schecter.  Freno Decl. at ¶ 4.  The first time Smiffy's received anything addressed to Mr. Schecter was on November 14.  Exh. 16.  On the very day that Smiffy's counsel discovered that Atico served a complaint on Mr. Schecter (November 15), Smiffy's counsel notified Atico that Mr. Schecter was not an employee of Smiffy's.  Exh. 5 and Freno Decl. at ¶ 5.

Smiffy's expected that, upon correcting Atico's misconception, Atico would simply attempt service again on Smiffy's at its publicly available Roscoe Boulevard address.  Exh. 17.

### D.    Atico Filed a Defective Service of Process with the Court With Full Knowledge That Mr. Schecter Was Not An Employee of Smiffy's

Although Smiffy's counsel had, on November 15, requested that Atico contact him regarding resolution of the case, Atico did nothing until November 20, when it finally responded by e-mail.  In Atico's e-mail, which is littered with falsehoods, Atico gave no indication that it planned to file a return of service affidavit with the Court for its defective service on Glen Schecter, instead, asking Smiffy's to "send [Atico] documentation of the assertions of [Smiffy's] positions."  Exh. 6.  Because Smiffy's was led to believe that Atico was genuinely interested in settling this case, that Atico was waiting for Smiffy's to send Atico Smiffy's sales information, and that Atico understood that it had not properly served the complaint, Smiffy's understood that Atico had decided not to attempt service again while the parties attempted to work out their differences.  At the same time, Atico's evasiveness and persistent assertion of falsehoods

prompted Smiffy's to institute a docket watch service for the case, thus alerting Smiffy's if Atico filed anything with the Court.  Freno Decl. at ¶ 6.

On November 27, 2006, the Monday after the long Thanksgiving holiday weekend, Smiffy's received a notice from its watch service that Atico had filed with the Court on November 22—the day before the Thanksgiving holiday—a return of service affidavit indicating that Smiffy's answer was due that very day.  Id.; Exh. 8; Exh. 7.  Smiffy's understood that Atico's service on Mr. Schecter was insufficient as a matter of law, but at the same time, Smiffy's only had several hours to deal with the situation and had only a few options.

First, Smiffy's could attempt to obtain an extension of time from Atico—the cheapest and most convenient option all around—and Smiffy's counsel phoned Atico's counsel.  But Atico's counsel did not answer the phone, forcing Smiffy's counsel to leave an urgent voicemail asking Atico's counsel to return Smiffy's call as soon as possible.  Exh. 14; Exh. 9.  However, as the day drew on without Atico's response to Smiffy's phone call, Smiffy's had to consider other options.  Second, Smiffy's could simply allow a default judgment be entered against Smiffy's and later challenge service of process, but this appeared to pose unnecessary risks.  Fed. R. Civ. P. 55(c) and 60(b).  Third, Smiffy's could answer Atico's complaint in its entirety, raising insufficient service as an affirmative defense, the most time-consuming and expensive option, requiring Smiffy's to fully investigate all its defenses, especially unnecessary if the parties were truly going to settle their differences.  And fourth, Smiffy's could move to dismiss the complaint (or quash service of the complaint) under FED.R.CIV.P. 12(b)(4) and (5) for insufficient and/or improper service of process.

Needless to say, well after the close of business hours, Atico still had not returned Smiffy's phone call.  Taking the most prudent course of action, Smiffy's quickly put together its

motion to dismiss and filed it on the evening of November 27 "out of an abundance of caution."

Again, <u>Atico makes intentionally false assertions to this Court</u>, this time involving the events transpiring on November 27.  In Atico's opposition brief and its supporting declaration, Atico affirmatively states that Smiffy's called Atico at approximately 3 p.m. on November 27, 2006, "about 2 hours before Smiffy's filed its Motion to Dismiss."  DI #6 at 5.  On the contrary, Smiffy's called Atico at 2:02 p.m. (<u>see</u> Exh. 14) and waited until 6:46 p.m. to file its motion to dismiss.  Exh. 13; <u>see also</u> Freno Decl. at ¶ 7.  Thus, Smiffy's waited 4 hours and 44 minutes before filing its motion, not the 2 hours that Atico would falsely have the Court believe.  Atico refused to return Smiffy's call all day on November 27 despite knowing that Smiffy's had to do something on November 27 or risk a default judgment.[3]

Indeed, on the following day, November 28, Atico still had not returned Smiffy's phone call.  Thus, Smiffy's again reached out to Atico:

> By now you should have been served with the motion to dismiss we filed yesterday.  As you know, I attempted to reach you by telephone yesterday and was forced to leave you a voice message.  The motion could have been avoided had you simply returned the call, as I would have sought your consent to extend the time by which our client was required to answer or otherwise plead.  While you complain about wasting the time and money of Atico and the Court, your actions continue to suggest that this is really of no consequence to you.
>
> Had you returned my call and consented to an extension of time, I am sure we would have been able to provide you with the documentation you have requested within such extension period.  Obviously, we are still willing to provide whatever documentation we can in order to convince you that this case is a foolish waste.  Kindly inform us of what exactly you would like to see.  As you are aware, our client's profits on sales of the subject door mats were less that $500, and even less than that counting only United

---

[3]    In fact, Atico admits to receiving the voicemail on November 27.  DI #6 (Remenick Decl. at ¶ 3).  Trying to justify its conduct, Atico flippantly states that because it was "busy with other matters," it "was not able to respond to Smiffy's counsel that day."  <u>Id.</u>

> States sales.  If you wish to have an affidavit to that effect from our
> client, I can arrange that easily.  If that is not satisfactory and you
> will require something far more complicated or time-consuming, I
> suspect we will have little choice but to consider making an offer
> of judgment and seeking from Atico all of our client's expenses
> and attorneys fees thereafter.  [Exh. 9].

In response, on November 29, Smiffy's again received nothing but threats and falsehoods from Atico.  Exh. 10.  However, for the first time, Atico indicated that Mr. Schecter was still listed with the California Department of State as the agent authorized for service.  Id. at 1; Freno Decl. at ¶ 8.

### E.    Atico Incorrectly Relies on the California State Department Website

Yet again, Atico asserts a falsehood to this Court when it states in the very first line of its opposition brief that Atico served "the person listed by Defendants ("Smiffy's") with the California State Department, at the locations listed with the California Department of State."  DI #6 at 1.  This statement is intentionally false or demonstrates an extreme lack of diligence.

Although Mr. Schecter, as an ex-President of Smiffys, was previously an agent for the company, it is beyond dispute that Mr. Schecter has not been employed with Smiffy's since May 2006.  DI #4-2 at ¶¶ 3-4.  Atico's chief support for its belief that Mr. Schecter is still the proper agent of service is several print-outs of the California Business Portal for Smiffy's USA (which has been suspended as a corporate entity) and Smiffy's Sales Services, Inc. (which no longer functions).  For Smiffy's USA, which was a California corporation, the California Business Portal indicates that the entity has been "suspended" at least by October 27, 2006.  Exh. 18.  Atico knew this as of November 1, 2006, when it printed the suspension notice.  Id.  Atico knew this when it allegedly served Mr. Schecter on November 7.  Atico knew this when it filed its return of service affidavit with this Court on November 22.  And Atico knew this when it filed its opposition brief.  For Smiffy's Sales Services, Inc., which was a Virginia corporation, Atico

proffers a print-out of a clearly outdated <u>California</u> Business Portal webpage, which still lists the

entity as an "active" <u>Virginia corporation</u>.  DI #6, Exh. G.  But the Virginia State Corporation

Commission's database indicates that Smiffy's Sales Services has been "terminated" as an entity

as of January 3, 2006.  Exh. 15.  The Virginia corporate records also indicates that the last

registered agent of the entity was not Glen Schecter, but Kevin O'Donnell at a Fairfax, Virginia

address.  <u>Id.</u>[4]

In Atico's last correspondence with Smiffy's on November 29, Atico requested that

Smiffy's provide Atico with instructions on how to serve Smiffy's properly.  Smiffy's responded

to Atico on December 7, 2006 on or about 2 pm, by both facsimile and e-mail.

> If Atico feels compelled to properly serve the complaint on
> Smiffy's—though we are reluctant to assist you in serving a
> complaint we deem frivolous and wasteful—the address of
> Smiffy's USA, Inc. is listed in the caption of Smiffy's motion to
> dismiss.  (We believe that the Virginia company you mention in
> the complaint is no longer operating, but you should check for
> yourself because we are not entirely clear at this time.)  If you are
> unable to reach a proper agent for service at Smiffy's in California,
> you are no doubt familiar with the leave and mail provisions of the
> Federal Rules of Civil Procedure.
>
> If, in the future, you do believe you have served Smiffy's properly,
> we would appreciate you giving us notice of the alleged service.
> In the present situation, you apparently served Mr. Schecter on
> November 7, but failed to file the service notice until November
> 22, immediately before the Thanksgiving holiday.  We did not
> discover the alleged service until November 27, 2006, the date of
> the apparent deadline for Smiffy's to respond or answer.
>
> Given that you claim that you were willing to grant an extension to
> our deadline to file a motion to dismiss or answer the alleged
> complaint, and given your suggestion that "Atico remains open . . .
> settlement," we are happy to stipulate to an extension of time for
> Atico to respond to Smiffy's motion to dismiss as the parties work
> out an arrangement to resolve this case.  Please let us know.

---

[4]    Although Mr. Schecter's name was still inadvertently listed on a single webpage (out of
thousands) of Smiffy's website, www.smiffys.com, the error is being corrected.

Exh. 11.  Atico just ignored Smiffy's 2:00 p.m. offer to extend the deadline for Atico to respond

(which was not due until December 11, 2006)[5], and instead Atico filed its opposition later that

evening at 7:38 p.m.  Exh. 12.  In Atico's opposition papers, Atico conveniently chose to ignore

Smiffy's December 7 communication altogether.

Atico's opposition brief contains many gaps and falsehoods.  Another falsehood

professed by Atico is its accusation that even though "Atico offered to serve the Complaint again

on the person and location of Smiffy's choice . . . Smiffy's did not respond."  DI #6 at 2, 6.  On

the contrary, Smiffy's told Atico that it could have an extension of time to answer Smiffy's

opposition to dismiss (Exh. 11), told Atico that the Virginia company did not exist, told Atico

that it should serve Smiffy's at its Roscoe Blvd. address (Exh. 11), which is Smiffy's publicly

identified address.  Exh. 17.  Atico's repeated misrepresentation of the facts to this Court appears

willful.

## ARGUMENT

**I.     Even Though Atico Knew That Mr. Schecter Was Not A Proper
        Agent To Receive Service Of Its Complaint, It Served Him In
        The Hope That Atico Could Do So Unbeknownst To Smiffy's In
        Preparation for An Improper Request for Default Judgment**

Proper service is essential for the court to "exercise power over" a party.  Murphy Bros.,

Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999).  "[T]he burden of proof in establishing

proper service of process rests with the plaintiff."  James v. Booz-Allen & Hamilton, Inc., 206

F.R.D. 15, 18 (D.D.C. 2002) (quashing service of process when the complaint was served on a

non-employee of the defendant); see also Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2

(D.D.C. 2004) (dismissing complaint for insufficient service of process).

---

5      Under LCvR 7(b), Atico had eleven (11) days to oppose Smiffy's November 27 motion
(December 8) plus three (3) additional days because Smiffy's served the motion electronically

"Courts routinely dismiss complaints for insufficient service of process."  Whitehead, 221 F.R.D. at 2; see, e.g., James, 206 F.R.D. at 18 (quashing service); Rogers v. Wash. Fairmont Hotel, 404 F. Supp. 2d 56 (D.D.C. 2005) (dismissing complaint for improper service of process); Lennon v. McClory, 3 F. Supp. 2d 1461, 1462–63 (D.D.C. 1998) (quashing service when plaintiff served the receptionist of defendant's building).[6]

In this case, it can hardly be disputed that Glen Schecter was not an agent or employee for Smiffy's when Atico allegedly served him on November 7, 2006.  DI # 4-2 at ¶¶ 3-5.  In the same way that effecting service on a perfect stranger cannot engender service on Smiffy's, Atico's service on a former employee cannot engender service on Smiffy's.

### A. Atico Knowingly Ignored Compliance With Fed. R. Civ. P. 4(h)(1) When It Filed The Return of Service With This Court

FED.R.CIV.P. 4(h)(1) requires personal delivery to "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." Mr. Schecter was not an officer, a managing or general agent, or any other type of agent for Smiffy's on November 7, 2006.  In fact, Atico does not even dispute this.  Because Mr. Schecter does not fall within the ambit of Rule 4(h)(1), service was insufficient and improper.  See, e.g., James, 206 F.R.D. at 18 (quashing service upon finding that "the name given by the individual who received the summons does not match the name of any of the defendant's employees").

---

(December 11).  FED.R.CIV.P. 6(e).

6      See also Mantis v. Cult Awareness Network, No. 92-2240, 1993 U.S. Dist. LEXIS 2083, 1993 WL 62176, at *1 (D.D.C. Feb. 26, 1993) (dismissing case for insufficient service of process when plaintiff left papers at the desk of a receptionist for the corporate defendant); Anzulewicz v. Nat'l Fuel Gas Supply Corp., 208 F.R.D. 47, 49 (W.D.N.Y. 2002) (dismissing case despite plaintiff's contention that the corporate defendant's counsel had been served); Am. Inst. of Certified Pub. Accountants v. Affinity Card, 8 F. Supp.2d 372, 376 (S.D.N.Y. 1998) (finding improper service because complaint given to someone who was "neither employed by or expressly authorized to accept service on behalf of the defendant"); Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3rd Cir. 1996) (affirming district court's dismissal of complaint for insufficient service when plaintiff left complaint with defendant's office manager).

**1.    Smiffy's Eventual Receipt of Notice of Service from Mr. Schecter on November 15, 2006 Does Not Remedy Atico's Defective Service**

Atico argues that "[r]egardless of Mr. Schecter's current employment status, when Mr. Schecter received the Summons and Complaint. . . ., he forwarded them to Smiffy's."  DI #6 at 7 (emphasis added).  In flouting the controlling fact that Mr. Schecter was not an authorized agent to receive service, Atico argues that Smiffy's eventual receipt of notice cures its defective service.  This Court has rejected the same misguided argument in the past.

For example, in BPA Int'l, Inc. v. Sweden, 281 F. Supp.2d 73 (D.D.C. 2003), the plaintiff attempted service on the defendant by mailing the complaint to the administrative assistant of an executive of a subsidiary of the defendant.  Id. at 84.  Acknowledging that the person served did not actually fall within Rule 4(h)(1), the plaintiff argued that it did not matter because the proper defendant "received actual notice of the summons and complaint."  Id.  The Court retorted: "Actual notice does not fulfill the requirements of Rule 4(h)(1)," and held that because "service has not met the requirements of the Rule, the Court concludes that service has not been effected as to [defendant] and the complaint must be dismissed for that reason. . . ." Id.  (emphasis added).  See also Whitehead, 221 F.R.D. at 2; Mopex, Inc. v. AMEX, LLC, No. 02-1656, 2002 U.S. Dist. LEXIS 3532, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (dismissing case for ineffective service even though defendant was on notice of the pending claims).

Relying on Direct Mail Spec. v. Eclat Comp. Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988), Atico argues that Smiffy's should be bound by service upon Mr. Schecter because he "kn[e]w what to do with the papers."  DI #6 at 7.  In Direct Mail, the recipient of service was a secretary who was "so integrated with the organization that he [or she] will know what to do with the papers."  Id. at 688.  The secretary was the only person present in the office when the process server arrived to deliver the papers.  In the present case, Mr. Schecter was not even a

<u>member of the organization</u>, let alone significantly integrated with it.  Moreover, unlike the

present case, in <u>Direct Mail</u>, service was immediately communicated to a true agent.  <u>See id.</u> at

688.  Atico allegedly served Mr. Schecter on November 7; Mr. Schecter forwarded the message

to Smiffy's (as a courtesy and without obligation) on November 14 (Exh. 16); Smiffy's

forwarded the message to Smiffy's counsel on November 15 (<u>id.</u>); Smiffy's counsel contacted

Atico's counsel regarding the insufficiency of service on November 15.  Exh. 5.  The only notice

Smiffy's received from Atico was notice of an improper service of process.[7]

  The whole purpose of the service requirement is to ensure that the defendant has adequate

notice.  In this case, although Smiffy's eventually discovered that Atico filed a complaint (but

not through Atico's alleged efforts), Smiffy's immediately told Atico that the person whom it

served was not associated with Smiffy's (Exh. 5), expecting Atico would go back and serve

Smiffy's properly.  Instead, with full knowledge that it had served the wrong person, Atico

quietly waited until the day before the Thanksgiving holiday (November 22) and then stealthily

filed an affidavit with this Court stating that it properly served Smiffy's and that Smiffy's answer

was due on November 27 (the Monday after the long Thanksgiving holiday weekend).  Making

matters worse, even though Atico knew that Kenyon & Kenyon LLP represented Smiffy's, Atico

decided not to serve its filing of its return of service papers (DI # 3&4) with Kenyon.  If Atico

truly wanted to provide Smiffy's with legitimate notice, it would have told Smiffy's counsel

about its filing of the defective service papers with this Court.

  Not only did Atico fail to provide notice of its filing to Smiffy's, Atico virtually hid the

fact from Smiffy's.  Just two days before its filing of the return of service papers with the Court,

---

7  Several cases distinguish <u>Direct Mail</u>.  <u>See</u>, <u>e.g.</u>, <u>Jones v. Auto. Club of S. Cal.</u>, 26 Fed.
Appx. 740, 2002 U.S. App. LEXIS 1392 (9th Cir. Cal. 2002) (affirming dismissal for insufficient
service); <u>Brunn v. Xtra Superfood Ctrs., Inc.</u>, No. 2000/131,2001 U.S. Dist. LEXIS 2122 (D.V.I.

Atico actually wrote to Smiffy's counsel on November 20 without ever indicating that it intended to file the defective service papers with the Court.  Exh. 6.  Along with several falsehoods, Atico stated in its November 20 correspondence:

> The complaint was not officially served on Smiffy's in the hope of resolving this matter without the necessity of a trial. . . .
>
> Atico is and has always been prepared to discuss a possible resolution.  If, this time, your intention is sincere, please send us documentation of the assertions of your positions below.

Exh. 6.  Two days before filing the return of service papers with the Court, Atico suggested that the parties may be able to resolve their differences.

Why did Atico file the service papers with the Court in the first place?  Because filing an affidavit attesting to service of a complaint is a prerequisite for a request for default judgment.  See FED. R. CIV. P. 55(a).  There is little doubt that Atico was preparing to seek a default judgment against Smiffy's.  With that in mind, why did Atico not serve or notify Smiffy's counsel of its filing of the return of service affidavit?  Why did Atico e-mail Smiffy's counsel two days before filing the papers without ever mentioning that it intended to file the papers despite knowing that Smiffy's counsel believed that service was improper?  Why did Atico wait until the Wednesday evening before the Thanksgiving holiday (November 22) before filing its service papers even though Atico allegedly served the papers on Mr. Schecter back on November 7?  Why did Atico refuse to return Smiffy's phone call on November 27 after Smiffy's discovered that Atico had filed the service papers (through its own diligence) while knowing that Smiffy's answer was due that very day?

The only reasonable explanation for Atico's conduct was that it intentionally tried to keep its filing of the defective service papers from Smiffy's—it affirmatively tried to preclude

---

Jan. 4, 2001).

notice—so that it could later request an default judgment.  Although Atico's scheme to frustrate

the notice requirements ultimately failed, it would send the wrong message if a defendant's good

fortune and diligence in discovering a complaint was to supplant the procedural protections of

Rule 4(h).[8]  The "plain requirements for the means of effecting service of process may not be

ignored . . . particularly [] when the means employed engenders . . . confusion . . . leaving

[defendant's officers] without clear notice of the necessity to respond."  Armco, Inc. v. Penrod-

Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir. 1984) (reversing a default judgment where

defendants were not served in a manner comporting with the rules).

> **2.    Atico's Mistaken Belief that Glen Schecter**
> **Was Still Somehow Associated with Smiffy's**
> **Cannot Cure a Defective Service**

Even though Atico does not ultimately deny that Mr. Schecter is the wrong person to

receive service for Smiffy's, Atico argues that the Court should ignore the deficiency because

Atico believed, on November 7, 2006, that Mr. Schecter was authorized to receive service.  Atico

suggests that its subjective belief that service was proper is sufficient for this Court to deny

Smiffy's motion to dismiss Atico's complaint.  Atico is wrong.

In virtually all cases where complaints are dismissed for insufficient service of process,

the plaintiff serving the complaint mistakenly believes the person served had authority to accept

service on behalf of the defendant.  See, e.g., Rogers, 404 F. Supp. 2d at 58 (plaintiff served the

complaint on the Director of Human Resources for the defendant corporation, but that was not

enough because the individual served "must have broad authority encompassing general

management powers.").  The fact that Atico believed that Mr. Schecter was authorized to accept

---

8       The District Court for the District of Columbia has stated that "Rule 4(h) lifts from the
defendant's shoulders the burden of combing through court dockets to determine if suit has been
filed against it in the District of Columbia."  Whitehead, 221 F.R.D. at 3 n.5.  Unfortunately, this

service cannot change this.

Accepting a subjective standard (whereby Atico's mere belief that Mr. Schecter was President is alone sufficient) would wreak havoc on due process and create a loop-hole for abuse by overly aggressive litigators. To credit service of process made on a person whose interests are not aligned with those of the defendant would be to "open wide the door to fraud and collusion which would be a reproach to the administration of justice." Bishop v. Everson Mfg. Co., 50 F. Supp. 792, 793 (S.D.N.Y. 1943) (scoffing at the notion of finding sufficient service where the served individual is not accountable to the party to the suit); see also City of Grand Forks v. Mik-Lan Recreation Ass'n, Inc., 421 N.W.2d 806, 810 (N.D. 1988).

### 3.    Atico *Knew* that Mr. Schecter was Not an Employee of Smiffy's When Atico Filed the Return of Service with this Court

Atico makes a false representation to this Court when it states that "[u]ntil Smiffy's filed its Motion to Dismiss, Atico did not know, and indeed had no way of knowing that Mr. Schecter was no longer employed by Smiffy's." DI #6 at 6. Smiffy's expressly told Atico on November 15 that Mr. Schecter was no longer employed by Smiffy's, the very day Smiffy's counsel discovered that Atico was attempting to contact Mr. Schecter. Exh. 5. Even before November 15, Atico had every reason to believe that Mr. Schecter was no longer associated with Smiffy's. First, Atico never reached Mr. Schecter at Smiffy's place of business for the obvious reason that he did not work for Smiffy's. DI #6 at 3. Second, the California Business Portal webpage submitted by Atico indicates that the Smiffy's USA entity was "suspended" as of October 27, 2006, which Atico apparently knew as of November 1, 2006, when they printed the webpage. Exh. 18. Third, the Virginia State Corporation Commission indicates that Smiffy's Sales Services, Inc. (previously a Virginia company) had terminated as a corporation by January 2006,

was exactly what Smiffy's had to do in this case.

and indicate that the last known registered agent for the company was not Glen Schecter, but

Kevin M. O'Donnell at a Fairfax, Virginia address.  Exh. 15.

### B.    Atico Failed to Comply with Provisions Under California Law, Where the Alleged Service Occurred

Under California law, like FED.R.CIV.P. 4(h), a corporation may be served by delivering

a copy of the summons to a "person authorized by the corporation to receive service of process."

Cal.Civ.Proc.Code § 416.10.  Again, because Mr. Schecter was not an employee of defendants in

November 2006, he was not a person authorized by defendants to receive service of process.  DI

# 4-2 at ¶¶ 4-5.  This fact essentially ends the matter.

### 1.    Atico Certainly Never Complied with California's Substitute Service Provision

Nonetheless, Atico argues that it complied with the substitute service provision under

Cal.Civ.Proc.Code § 415.20(a), which states in pertinent part:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . ., a summon may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Under this provision, Atico could have left a copy of the complaint at Smiffy's business address

with "the person who is apparently in charge thereof," "who shall be informed of the contents

thereof," and then placing a copy of the complaint in the mail to Smiffy's address.  Although

Atico expressly relies on this provision in its opposition brief, it clearly has no application here.

- 17 -

First, Atico never went to Smiffy's place of business, instead going to an ex-employee's home address. Second, Atico never left a copy of the summons with a person "who is apparently in charge thereof," instead leaving the summons with someone certainly not in charge of any business facility of Smiffy's. Third, Atico provides no evidence that Mr. Schecter was "informed of the contents thereof" when the service processor allegedly handed him the complaint. Fourth, Atico never indicates that it mailed a copy to Smiffy's business address after leaving a copy with Mr. Schecter. Fifth, Atico never tacked on the 10 additional days to answer/respond required under § 415.20(a).[9]

### 2.    Atico Failed to Exercise Diligence Before Serving Mr. Schecter

Although Atico argues that "[i]t is hard to imagine how Atico could have been any more diligent in it service attempts," (DI #6 at 8), everything points to a lack of diligence or willful disregard of service requirements. The crux of Atico's diligence allegation centers around Atico's print-outs of the California Business Portal website, which are misleading.

For the California company—Smiffy's USA—the actual information proffered by Atico indicates that the entity has been "suspended" since October 2006. Exh. 18. As explained above, Smiffy's is undergoing changes to its corporate structure. If Atico had been diligent, it would have recognized that the status indicated in the California records states that the company "has lost all rights and powers . . . ." As for the Virginia company, Smiffy's Sales Services, Inc.—which Atico named as a party on its complaint—the entity has had a terminated status since January 2006. Exh. 15. Instead of going to the Virginia State Corporation Commission's

---

9       In fact, Atico affirmatively indicated that Smiffy's answer was due on November 27, which is twenty days from the alleged November 7 service. Because actual service under § 415.20(a) occurs 10 days after mailing of the summons, even if Atico mailed it on November 7 (which it apparently did not), Smiffy's response date would have been on December 7, not the November 27 date Atico indicated to the Court.

records, Atico decided to rely on the outdated California Business Portal information for a

Virginia company.[10]

Apart from misrepresenting the corporate status information of the named entities to this

Court (and omitting the Virginia records), Atico has never had a reason to believe that Mr.

Schecter was associated with Smiffy's.  The only time Atico reached Mr. Schecter was at his

home.  But more importantly, even before Atico filed the return of service affidavit with this

Court, <u>Smiffy's counsel expressly told Atico that Mr. Schecter had not worked for Smiffy's "for

some time</u>."  Exh. 5.

Atico's pseudo-efforts at service do not rise to the level of diligence required to comply

with Rule 4(h).  "Rule 4(h) requires that plaintiff use due diligence before service of process to

determine the proper agent and to conform to the requirements of the rule."  <u>Whitehead</u>, 221

F.R.D. at 2.  In <u>Whitehead</u>, the plaintiff attempted to serve an amended copyright complaint filed

in the District Court for the District of Columbia on Harper Collins, Inc. by personally serving

"Renee P. Rice—Team Leader" of "Corp. Service Company" ("CSC").  <u>Id.</u>  Although CSC was

the designated agent for the defendant in certain jurisdictions, CSC was not the designated agent

for the District of Columbia.  As such, Harper Collins moved to dismiss the amended complaint

under Rule 12(b)(5).  Significantly, the plaintiff conceded that after the attempted service to

CSC, CSC expressly told the plaintiff that CSC was not the registered agent in the District of

Columbia.  <u>Id.</u> at 4.  Like the case in <u>Whitehead</u>, Smiffy's told Atico that Mr. Schecter was not

the registered agent.  Exh. 5.  <u>See also</u> <u>Earl W. Schott, Inc. v Kalar</u>, 24 Cal. Rptr. 2d 580, 582

(Ct. App. 1993) (rejecting proof of service under § 415.20(b) because the proof of service did not

---

10      Apart from the California Business Portal webpages, Atico points to the fact that Mr.
Schecter's name was still inadvertently listed on a single webpage (out of thousands) of Smiffy's
website, www.smiffys.com.  The error has since been corrected.

indicate that plaintiff had used due diligence to attempt personal service).

## II.    Under The Circumstances, Plaintiff's Demand
## For Attorney's Fees Is Unprecedented

Given Atico's conduct and the number of false statements Atico has put in front of this

Court, Smiffy's believes that any bad faith can only be attributed to Atico.  In Smiffy's view,

Atico was trying to sneak in an easy default judgment against Smiffy's by serving a former

employee of Smiffy's, willfully filing the defective return of service with this Court on the day

before the Thanksgiving holiday, and then refusing to return Smiffy's desperate phone call on

November 27, the day Smiffy's answer was due.  Atico is not interested in fairness or an

efficient resolution of this case: Atico wants to demonize Smiffy's in front of this Court and cost

Smiffy's as much money as possible in defending itself from a $500 copyright case.

Despite Smiffy's firm belief that Atico is being unfair, Smiffy's is not seeking Atico's

attorney's fees for forcing Smiffy's to waste resources challenging Atico's wrongful and willful

filing of a defective return of service, because attorneys fees are reserved for exceptional bad

faith misconduct by an attorney.  "Attorney's fees should not be assessed lightly or without fair

notice and an opportunity for a hearing on the record."  Aero Corp. v. Department of Navy, 558

F. Supp. 404, 418 (D.D.C. 1983) (finding that defendant failed to follow court orders).  "Because

bad faith awards of attorney's fees are exceptions to the normal rule, however, 'the standards for

bad faith are particularly stringent,' and the fee-shifting sanction is invocable only for some

dominating reason of justice."  Id. at 418.[11]

---

[11]    The "American Rule" typically mandates that each party to a litigation bear its own costs
with respect to attorney's fees.  See Chambers v. NASCO, 501 U.S. 32, 45 (1991) (citing
Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975)). The award of
attorneys fees for bad faith is rare.  See, e.g., Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311,
321 (4th Cir. 2003); Sch. for the Arts in Learning (SAIL) Pub. Charter Sch. v. Mena, 2003 U.S.
Dist. LEXIS 27072 *3 (D.D.C. 2003) (finding no bad faith while applying the Chambers

Needless to say, Smiffy's is frustrated. Not only is Atico falsely accusing Smiffy's of bad faith while asserting its constitutional due process protections, Atico's request for attorney's fees is based on a string of willful falsehoods.

*Atico Falsehood 1*: "Smiffy's filed its Motion to Dismiss without any meet-and-confer with Atico." DI #6 at 8. The statement is outrageous. Atico was told that it has served the wrong person on November 15 (Exh. 15), Atico surreptitiously file a defective return of service affidavit with this Court on the November 22 (the day before the Thanksgiving holiday) and without notification to Smiffy's counsel, and when Smiffy's discovered on November 27 the filing through its own monitoring efforts (Exh. 8), Atico refused to answer Smiffy's phone call—effectively precluding Smiffy's from a meet-and-confer.

*Atico Falsehood 2*: "[A]pproximately two hours before filing its motion, Smiffy's left a voicemail for Atico's counsel regarding potential settlement discussions." DI #6 at 8. The statement is again outrageous. Smiffy's urgently called Atico's counsel at 2:02 pm (Exh. 14) and waited until 6:46 pm (Exh. 13) for Atico to return the call before filing its motion to dismiss. Atico knew that Smiffy's answer was due on November 27 and completely ignored Smiffy's.

*Atico Falsehood 3*: After Smiffy's was forced to file its motion to dismiss out of an abundance of caution on November 27, Smiffy's contacted Atico (Exh. 9). In regard to this, Atico falsely states: "When Atico promptly responded that <u>it was willing to give Smiffy's the desired extension</u>, Smiffy's did not respond and did not withdraw its motion." DI #6 at 9 (emphasis added). The statement is false. Again, Atico ignored Smiffy's November 27 phone call. Atico did not even return the call on November 28 when Smiffy's again reached out to

standard); <u>Alexander v. FBI</u>, 186 F.R.D. 188 (D.D.C. 1999) (same); <u>Pedraza v. United Guar. Corp.</u>, 313 F.3d 1323, 1336 (11th Cir. 2002) (finding no facts supporting subjective bad faith that would even allow the district court to require the accused party to include attorneys' fees in an

Atico. Exh. 9. In response, Atico's counsel proffered, in a transparently self-serving fashion, that "[h]ad you requested an extension, it would have been granted, and Atico remains open to any settlement proposal you wish to make." Exh. 10. Of course, Atico was two days too late for any meaningful extension of time. Atico also never asked Smiffy's to withdraw its motion.

*Atico Falsehood 4*: Atico states that Smiffy's "refus[ed] to acknowledge Atico's request for waiver of service." DI #6 at 9. Atico never requested a waiver of service under FED.R.CIV.P. 4(d)(2), which required Atico to provide, *inter alia*, a notice and request of waiver "in writing and shall be addressed to the defendant, if an individual, or else to an officer or managing or general agent." Atico proffers no evidence of a request for waiver of service, but instead, simply states another falsehood.

*Atico Falsehood 5*: Atico falsely states that "Atico personally served the person that Smiffy's identifies as its 'Agent for Service of Process' with the California Department of State and as it[s] 'President' on the Smiffy's website." DI #6 at 9 (emphasis added). Although Mr. Schecter may have been an agent in the past, the California Business Portal indicates that Smiffy's USA has been suspended as a California corporation since October 2006 and indicates that Smiffy's Sales Services, Inc. is a Virginia company. The Virginia State Corporation Commission's records indicates that Smiffy's Sales Services was terminated in January 2006.[12]

*Atico Falsehood 6*: "[W]hen Atico explained the implausible nature of Smiffy's motion, yet still offered to extend Smiffy's time for answering the Complaint, Smiffy's did not respond and did not withdraw its motion." DI #6 at 9. Atico never, ever offered to extend Smiffy's time to answer the complaint. Atico actually ignored Smiffy's phone calls, suggesting (several days

---

appellate bond pursuant to its inherent powers).

12      As for the www.smiffys.com webpage inadvertently mentioning Glen Schecter as the President, the error is being corrected.

too late) that an extension "would have been granted." Exh. 10. Not only did Atico never offer to give Smiffy's any extensions, just the opposite is true; <u>Smiffy's voluntarily contacted Atico to offer Atico an extension</u>. Exh. 11. Smiffy's contacted Atico on the afternoon of December 7 at 2 pm stating "we are happy to stipulate to an extension of time for Atico to respond to Smiffy's motion to dismiss as the parties work out an arrangement to resolve this case." <u>Id.</u> Atico ignored the offer and filed its opposition to Smiffy's motion at 7:38 pm that very day, four days before it was due. Atico is misleading the Court when it states that Smiffy's never responded.

*Atico Falsehood 7*: Atico falsely asserts: "Through all of the parties['] discussions . . . Smiffy's . . . refuses to identify any other person for service." DI #6 at 9. Smiffy's website lists Smiffy's contact information in the United States as the 16673 Roscoe Blvd. address. Exh. 17. When Atico asked Smiffy's counsel for the proper address to use for service, Smiffy's told Atico to use the 16673 Roscoe Blvd. address. Exh. 11. Furthermore, despite Smiffy's repeated requests that Atico's counsel contact them, to this day, Atico's counsel has never returned a call. Freno Decl. at ¶ 9.

*Atico Falsehood 8*: "Smiffy's bad faith game of hide-the-ball has succeeded delaying Atico's speedy resolution of this copyright infringement case. . . ." DI #6 at 9. Smiffy's is frustrated to no end by Atico's misrepresentations. First, Atico's copyright claim is dubious at best. Smiffy's immediately questioned Atico whether it had improperly claimed ownership with the U.S. Copyright office in filing applications for works created by someone else, and Atico refused to back up its claim to ownership. Second, Smiffy's has no incentive to delay this matter. Smiffy's stopped selling the trivial products months ago, which is undisputed. On contrary, Smiffy's has repeatedly reached out to Atico regarding settlement and even offered to proffer its negligible sales information to Atico. Smiffy's wants Atico to stop harassing it with

this $500 frivolous copyright claim.  And third, any bad faith can only be attributed to Atico, who knowingly submitted a defective return of service with the Court without notice to Smiffy's counsel in the hope of securing an easy default judgment.

Although Smiffy's is not requesting that Atico pay Smiffy's attorney's fees at this time, Smiffy's reserves the rights to seek Atico's attorneys fees in this litigation if Atico persists in making false representations to this Court.  Chambers, 501 U.S. at 42 ("if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party . . .").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court dismiss Atico's complaint for insufficiency of service under FED.R.CIV.P. 12(b)(4) and/or 12(b)(5), or in the alternative, to quash Atico's service.  As Smiffy's has already told plaintiff in the past, if plaintiff wishes to serve the complaint, it should do so at Smiffy's U.S. address at Smiffy's Roscoe Blvd. address in California, which is the address publicly displayed on Smiffy's website.

Dated: December 18, 2006                KENYON & KENYON LLP


                                        ___s/ Gary S. Morris_____
                                        Gary Morris (DC Bar No. 457851)
                                        1500 K Street, NW, Suite 700
                                        Washington, DC 20005-1257
                                        (202) 220-4200

                                        Joseph Nicholson (JN 7307)
                                        One Broadway
                                        New York, New York 10004
                                        (212) 425-7200

                                        *Attorneys for Defendant.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

James Remenick (jim.remenick@novakdruce.com)
NOVAK DRUCE & QUIGG LLP
1300 Eye Street, N.W.
Washington, DC 20005
(202) 659-0100

*Attorneys for Plaintiff Atico International USA Inc.*

_____s/  Gary S. Morris_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ATICO INTERNATIONAL USA INC., | |
| Plaintiff, | Civil No. 06-1742 (EGS) |
| v. | |
| SMIFFY'S USA, INC.,<br>16673 Roscoe Blvd.,<br>North Hills, California 91343 | DECLARATION IN SUPPORT OF<br>SMIFFY'S MOTION TO DISMISS |
| and | |
| SMIFFY'S SALES SERVICES, INC., | |
| Defendants. | |

**DECLARATION OF MICHAEL J. FRENO**

I, Michael J. Freno, hereby declare as follows:

1.    I am an attorney-at-law of the State of New York and an associate of Kenyon & Kenyon LLP, attorneys for defendant Smiffy's USA, Inc.

2.    I first learned about Atico's complaint through its firm-wide court activity alert, which notifies Kenyon attorneys of new litigations on a daily basis.

3.    On October 19, 2006, Smiffy's counsel contacted Atico's counsel, notifying Atico of its concerns regarding Atico's claim to ownership over the works, notifying Atico that Smiffy's sales of the products were very small in the United States, and notifying Atico that it intended to stop selling the products until the dispute with Atico was resolved.  In particular,

Smiffy's counsel told Atico that Smiffy's supplier had indicated that the supplier itself created the works, and that although Atico was a past licensee, when Atico decided not to buy any more of the products from the foreign supplier, the supplier offered them to Smiffy's.

4.    During conversations with Atico prior to November 15, 2006, Atico never mentioned that it had sent any letters or anything else to Glen Schecter.

5.    Smiffy's counsel learned for the first time on November 15, 2006 that Atico harbored the mistaken belief that Glen Schecter was still affiliated with Smiffy's.

6.    Kenyon & Kenyon LLP instituted a docket watch service for this case, thus alerting Smiffy's if Atico filed anything with the Court. On November 27, 2006, the Monday after the long Thanksgiving holiday weekend, Smiffy's received a notice from its watch service (see Exh. 8 below) that Atico had filed with the Court on November 22—the day before the Thanksgiving holiday—a return of service affidavit indicating that Smiffy's answer was due that very day.

7.    On November 27, my colleague, Joseph F. Nicholson, phoned Atico's counsel at his direct line at 2:02 p.m. (see Exh. 14).  Mr. Nicholson's phone extension is x6446, and Mr. James Remenick's direct phone number is (202) 204-4744.  Smiffy's waited until 6:46 p.m. to file its motion to dismiss.

8.    On November 29, 2006, Atico wrote to Mr. Nicholson, indicating to Smiffy's counsel for the first time that Mr. Schecter was still listed with the California Department of State as the agent authorized for service.

9.    Despite Smiffy's counsel's repeated requests that Atico's counsel contact Smiffy's counsel to discuss settlement, Atico's counsel has never returned a single phone call to Smiffy's counsel.

10.    Annexed hereto are true and correct copies of the following documents.  Relevant portions are highlighted via a red box.

| | |
|---|---|
| Exhibit 1 | E-mail from James Remenick to Michael Freno, 10/23/06 |
| Exhibit 2 | E-mail from Michael Freno to James Remenick, 10/24/06 |
| Exhibit 3 | E-mail from James Remenick to Michael Freno, 10/24/06 |
| Exhibit 4 | Letter from Michael Freno to James Remenick, 10/25/06 |
| Exhibit 5 | E-mail from Joseph Nicholson to James Remenick, 11/15/06 |
| Exhibit 6 | E-mail from James Remenick to Joseph Nicholson, 11/20/06 |
| Exhibit 7 | Return of Service Filed by Atico International USA, Inc., filed 11/22/06 |
| Exhibit 8 | Docket Delivery Notification from Lexis Nexis courtlink, 11/27/06 |
| Exhibit 9 | E-mail from Joseph Nicholson to James Remenick, 11/28/06 |
| Exhibit 10 | E-mail from James Remenick to Joseph Nicholson, 11/29/06 |
| Exhibit 11 | Letter from Michael Freno to James Remenick, 1:57 pm, 12/7/06, and E-mail from Michael Freno to James Remenick, 2:09 pm, 12/7/06 |
| Exhibit 12 | E-mail from DCD_ECFNOtice@dcd.uscourts.gov indicating Atico's Filing of Opposition Brief to Smiffy's Motion to Dismiss, 7:39 pm, 12/7/06 |
| Exhibit 13 | Notice of Electronic Filing Smiffy's Motion to Dismiss for Insufficiency of Service (DI #4), 6:46 pm, 12/7/06 |
| Exhibit 14 | Equitrac Professional v3.5 Phone Record [redacted] of Joseph Nicholson on 11/27/06 indicating a 54 second phone call to 202-204-4744 (the direct line for James Remenick) at 2:02 pm. |
| Exhibit 15 | Select records from Virginia State Corporation Commission regarding Smiffy's Sales Services, Inc. |
| Exhibit 16 | E-mail from Glen Schecter to Smiffy's, 11/14/06 |
| Exhibit 17 | Webpage from www.smiffy.com |

Exhibit 18          Webpage from California Business Portal submitted by Atico as Exhibit G in
                    DI #6


I declare under penalty of perjury that the foregoing is true and correct.

_____

MICHAEL J. FRENO

DATED:  December 18, 2006
        New York, New York

# EXHIBIT 1

**Freno, Michael**

---

**From:**    James Remenick [jim.remenick@novakdruce.com]
**Sent:**    Monday, October 23, 2006 5:44 PM
**To:**      Freno, Michael
**Cc:**       Dan Forbes; Dina Grinshpun; Marcia Daraban
**Subject:** Atico v. Smiffys copyright matter (1:6CV01742)

Mike – Thank you for calling me last Thursday and also this afternoon with regard to the copyright case Atico v. Smiffys, presently pending in the DC Federal District Court (1:6CV01742).  My understandings from these two conversations are as follows:

1.  Smiffys received the complaint and has retained you and your firm for its legal representation.  I will direct all further communicates with regard to this case to you or others in your firm as you may direct.
2.  Smiffys claims not to have realized that the mats were copyrighted by Atico or anyone else.
3.  You advised Smiffys to stop selling the Halloween mats that are the subject works of Atico's copyrights.
4.  You stated that, shortly after Smiffys received a copy of Atico's complaint, Smiffys contacted its manufacturer for the Halloween mats, Wing Tai Plastic and Metal Factory, Ltd.  According to Wing Tai, it and not Atico owns the copyrights to the Halloween mats.  Also according to Wing Tai, Wing Tai had licensed sale of the mats to Atico for a two year period.  Atico failed to make any sales and Wing Tai sold the mats to Smiffys.
5.  Smiffys has made virtually no sales of Halloween mats as of this date.
6.  Your contact at Smiffys is in Europe and difficult to reach.  A planned conference call last Friday did not materialize, and you will be trying again tomorrow morning.
7.  You will get back to me on Wednesday with Smiffys response, which I said would be fine.

I look forward to speaking with you Wednesday and expect to be in the office all day.

Sincerely,
Jim

## James Remenick

---
## Novak Druce & Quigg LLP
**E-mail: jim.remenick@novakdruce.com**

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

Confidentiality Notice: This email and any attachments contain information from the law firm of Novak Druce & Quigg LLP, which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this email. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited. If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.  IRS CIRCULAR 230 Disclosure:  Under U.S. Treasury regulations, we are required to inform you that any tax advice contained in this e-mail or any attachment hereto is not intended to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.

12/17/06

# EXHIBIT 2

**Freno, Michael**

---

| | |
|---|---|
| **From:** | Freno, Michael |
| **Sent:** | Tuesday, October 24, 2006 3:42 PM |
| **To:** | 'James Remenick' |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Nicholson, Joseph |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

FOR SETTLEMENT PURPOSES ONLY; WITHOUT PREJUDICE

Jim,

Thanks for the e-mail.  Without commenting on your summary of our conversation, I just wanted to note that we had discussed the ownership issue and Atico's claim that the registered works were works made for hire.  We are hoping that by Wednesday, you could confirm for us the identity of author of the designs and confirm that the works were commissioned as works for hire.  Also, as I mentioned yesterday, we're treating the information exchanged as information for settlement purposes under FRE 408.

Best regards, Mike

---

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Monday, October 23, 2006 5:44 PM
**To:** Freno, Michael
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban
**Subject:** Atico v. Smiffys copyright matter (1:6CV01742)

Mike – Thank you for calling me last Thursday and also this afternoon with regard to the copyright case Atico v. Smiffys, presently pending in the DC Federal District Court (1:6CV01742).  My understandings from these two conversations are as follows:

1.  Smiffys received the complaint and has retained you and your firm for its legal representation.  I will direct all further communicates with regard to this case to you or others in your firm as you may direct.
2.  Smiffys claims not to have realized that the mats were copyrighted by Atico or anyone else.
3.  You advised Smiffys to stop selling the Halloween mats that are the subject works of Atico's copyrights.
4.  You stated that, shortly after Smiffys received a copy of Atico's complaint, Smiffys contacted its manufacturer for the Halloween mats, Wing Tai Plastic and Metal Factory, Ltd.  According to Wing Tai, it and not Atico owns the copyrights to the Halloween mats.  Also according to Wing Tai, Wing Tai had licensed sale of the mats to Atico for a two year period.  Atico failed to make any sales and Wing Tai sold the mats to Smiffys.
5.  Smiffys has made virtually no sales of Halloween mats as of this date.
6.  Your contact at Smiffys is in Europe and difficult to reach.  A planned conference call last Friday did not materialize, and you will be trying again tomorrow morning.
7.  You will get back to me on Wednesday with Smiffys response, which I said would be fine.

I look forward to speaking with you Wednesday and expect to be in the office all day.

Sincerely,
Jim

## James Remenick

_____

## Novak Druce & Quigg LLP
**E-mail: jim.remenick@novakdruce.com**

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**

# EXHIBIT 3

**Freno, Michael**

| | |
|---|---|
| **From:** | James Remenick [jim.remenick@novakdruce.com] |
| **Sent:** | Tuesday, October 24, 2006 5:14 PM |
| **To:** | Freno, Michael |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Nicholson, Joseph |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

Mike - Thank you for your e-mail message and for confirming receipt of my e-mail correspondence below. I believe that earlier correspondence accurately reflects the substance of our discussions.

To date I am aware of no settlement discussions or negotiations ongoing between Atico and Smiffys. For purposes of continuing our discussions, I will consider points 2-5 below as subject to Rule 408. If Smiffys wishes to provide evidence of noninfringement, I will accept that information under Rule 408. If Smiffys wishes to admit infringement, I will also accept an offer of settlement under Rule 408.

Please refer to Atico's copyright registration for all information you may need about the work.

On Wednesday I am expecting to receive from you Smiffy's informal response to Atico's complaint. I do not consider tomorrow's discussion to be under FRE 408 unless Smiffys intends to provide information of noninfringement or wishes to make an offer of settlement.

I look forward to hearing from you tomorrow.

Sincerely,
Jim

**From:** Freno, Michael [mailto:MFreno@Kenyon.com]
**Sent:** Tuesday, October 24, 2006 3:42 PM
**To:** James Remenick
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Nicholson, Joseph
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

FOR SETTLEMENT PURPOSES ONLY; WITHOUT PREJUDICE

Jim,

Thanks for the e-mail. Without commenting on your summary of our conversation, I just wanted to note that we had discussed the ownership issue and Atico's claim that the registered works were works made for hire. We are hoping that by Wednesday, you could confirm for us the identity of author of the designs and confirm that the works were commissioned as works for hire. Also, as I mentioned yesterday, we're treating the information exchanged as information for settlement purposes under FRE 408.

Best regards, Mike

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Monday, October 23, 2006 5:44 PM
**To:** Freno, Michael
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban
**Subject:** Atico v. Smiffys copyright matter (1:6CV01742)

Mike – Thank you for calling me last Thursday and also this afternoon with regard to the copyright case Atico v. Smiffys, presently pending in the DC Federal District Court (1:6CV01742). My understandings from these two conversations are as follows:

1. Smiffys received the complaint and has retained you and your firm for its legal representation. I will direct all further communicates with regard to this case to you or others in your firm as you may direct.
2. Smiffys claims not to have realized that the mats were copyrighted by Atico or anyone else.

12/17/06

# EXHIBIT 4



**Michael J. Freno**
Direct 212.908.6381
mfreno@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

October 25, 2006

**WITHOUT PREJUDICE**

*Via E-mail and*
*Facsimile 202.659.0105*

James Remenick
Novak Druce LLP
1300 Eve Street, N.W.
400 East Tower
Washington, DC 20005

Re:    Case No. 06-cv-01742-EGS

Dear Jim:

We found your communication of yesterday to be terse and evasive, given what we had thought was your client's desire to resolve this matter amicably.  Although we planned to speak today about the above-referenced matter, please consider this letter Smiffy's response to Atico International USA, Inc.'s ("Atico") inquiries.

As you know, a copyright registration is merely *prima facie* evidence of ownership in a copyright, and therefore rebuttable.  We have explained to you that Smiffy's foreign supplier claims to be the author and owner of the works in question, namely products 26533, 26534, and 26535—which are the only works alleged to be infringed in Atico's complaint.  We have also explained to you that Smiffy's supplier has indicated that although Atico was once a licensee under the copyrights, that license has lapsed.  If that is the case, Atico obviously lacks standing to bring the subject copyright claims against Smiffy's.

Given the foregoing facts, and in the spirit of promptly resolving this matter without further expense to either party, we presented Atico with an opportunity to respond to this information, identify the person it believed to be the author(s) of the works, and present us with proof of copyright ownership.  Because Atico has rejected this opportunity, we can only assume that Atico cannot substantiate its ownership of the copyrights.  Thus, proceeding with the case would be wasteful of both parties' time and money, not to mention the Court's.

As we have previously stated, our client's sales of the accused products in the United States have been extremely low.  For purely business reasons, fully unrelated to the merits, or lack thereof, of this dispute, Smiffy's will remove the products from its website and stop offering to sell the products in the United States.

James Remenick, Esq.
October 25, 2006
Page 2



At this time, we consider the matter fully closed.

This letter is sent without prejudice to any and all rights of our client to seek all available remedies against you and your client in the event you and your client persist in prosecuting this case.

Very truly yours,

Michael J. Freno

cc:    Joseph Nicholson, Esq.
       Jonathan D. Reichman, Esq.

```
****************** -COMM. JOURNAL- ****************** DATE OCT-25-2006 ***** TIME 16:22 ******

        MODE = MEMORY TRANSMISSION              START=OCT-25 16:20      END=OCT-25 16:22

            FILE NO.=009

        STN   COMM.   ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
        NO.           ABBR NO.

        001   OK      ☎            6969#13249#6#12026590105#                   003/003   00:01:12


                                                      -KENYON & KENYON          -

    **********************************-KENYON & KENYON - ***** -            - **********
```



One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

## Fax Transmission

| From: | **Michael J. Freno** | Date: | October 25, 2006 |
|---|---|---|---|
| Direct Dial: | 212.908.6381 | Fax: | 212.425.5288 |
| Client/Matter: | 13249/6 | Total number of pages: (including cover) | 3 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **James Remenick** | **Novak Druce LLP** | **202.659.0105** | **202.659.0100** |

Message:

☒ Original will not follow   ☐ Original will follow by   ☐ Regular Mail   ☐ Overnight Delivery   ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

**Freno, Michael**

| | |
|---|---|
| **From:** | Freno, Michael |
| **Sent:** | Wednesday, October 25, 2006 4:08 PM |
| **To:** | jim.remenick@novakdruce.com |
| **Cc:** | Nicholson, Joseph |
| **Subject:** | Case No. 06-cv-01742-EGS |
| **Attachments:** | 06-10-25 Letter Kenyon to Atico.pdf |

**Michael J. Freno**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6381 Phone | 212.425.5288 Fax
mfreno@kenyon.com | www.kenyon.com

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

12/17/06

# EXHIBIT 5

**Freno, Michael**

| | |
|---|---|
| **From:** | Nicholson, Joseph |
| **Sent:** | Wednesday, November 15, 2006 4:32 PM |
| **To:** | 'James Remenick' |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

Dear Mr. Remenick,

We learned from our client today that you have tried to serve Atico's complaint on Smiffy's California affiliate.  Unfortunately, the person who received the complaint has not been employed by our client for some time, had no idea what was being delivered to him (which was, incidentally, at his home), and in any event certainly at no authority to accept service on behalf of our client.

Putting the issue of your ineffective service aside, however, I would like to discuss with you what your client is trying to achieve by this litigation, given the information we have already provided to you.  As you know, our client's sales of the subject items in the U.S. were innocent and *de minimus*, our client ceased selling the items immediately upon hearing from you, and there is serious doubt as to the validity of your client's claim of copyright ownership as well as the copyright registration(s) being asserted.  Under these facts, it appears that you are wasting both our clients' time and money, and are further preparing to waste judicial resources.

With the foregoing in mind, may I suggest that you contact me at your earliest convenience to discuss a resolution to this matter in a way that avoids a further drain on the business of our respective clients?

Very truly yours,


**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

_____
This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.


---

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Tuesday, October 24, 2006 5:14 PM
**To:** Freno, Michael
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Nicholson, Joseph
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Mike - Thank you for your e-mail message and for confirming receipt of my e-mail correspondence below.  I believe that earlier correspondence accurately reflects the substance of our discussions.

To date I am aware of no settlement discussions or negotiations ongoing between Atico and Smiffys.  For purposes of continuing our discussions, I will consider points 2-5 below as subject to Rule 408.  If Smiffys wishes to provide evidence of noninfringement, I will accept that information under Rule 408.  If Smiffys wishes to admit infringement, I will also accept an offer of settlement under Rule 408.

Please refer to Atico's copyright registration for all information you may need about the work.

On Wednesday I am expecting to receive from you Smiffy's informal response to Atico's complaint.  I do not consider tomorrow's discussion to be under FRE 408 unless Smiffys intends to provide information of noninfringement or wishes to make an offer of settlement.

# EXHIBIT 6

**Freno, Michael**

| | |
|---|---|
| **From:** | James Remenick [jim.remenick@novakdruce.com] |
| **Sent:** | Monday, November 20, 2006 9:49 PM |
| **To:** | Nicholson, Joseph |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

Dear Mr. Nicholson – We received your e-mail repeated below. As you know from Mike Freno, Atico filed a complaint against Smiffy's USA and Smiffy's Sales Services after attempts to contact Smiffys by letter and phone were ignored or otherwise frustrated. The complaint was not officially served on Smiffy's in the hope of resolving this matter without the necessity of a trial. [1]

Your client apparently received a copy of the complaint and promptly forwarded it at least to Mr. Freno who contacted me by telephone. He, like you, dismissed the matter out of hand, but at the same time demanded discovery from Atico on Atico's ownership of the copyright. I directed Mr. Freno to the US Copyright Office for confirmation on the issue of ownership. I next received a letter from Mr. Freno stating that I failed to take the opportunity to comply with his discovery demands and, therefore, he considered the matter closed. I left a telephone message for Mr. Freno the next day and requested authorization for him to accept service of the complaint. He never responded which left Atico with no choice but to contact a process server in California.

As for service, we received confirmation from the process server that the summons and complaint were properly executed on Mr. Glen Schecter for both Smiffy's USA and Smiffy's Sales Services. We have no documentation or information of service to an ex-employee or that service was in any way ineffective.

Despite the considerable time and expense you have caused both Atico and also judicial resources, Atico is and has always been prepared to discuss a possible resolution. If, this time, your intention is sincere, please send us documentation of the assertions of your positions below.

As I stated in my discussions with Mr. Freno, Atico does not consider this present correspondence between us as subject to Rule 408.

Sincerely

# James Remenick

## Novak Druce & Quigg LLP
**E-mail:** jim.remenick@novakdruce.com

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

Confidentiality Notice: This email and any attachments contain information from the law firm of Novak Druce & Quigg LLP, which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this email. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited. If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you. IRS CIRCULAR 230 Disclosure: Under U.S. Treasury regulations, we are required to inform you that any tax advice contained in this e-mail or any attachment hereto is not intended to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.

**From:** Nicholson, Joseph [mailto:JNicholson@kenyon.com]
**Sent:** Wednesday, November 15, 2006 4:32 PM
**To:** James Remenick
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael

12/17/06

Dear Mr. Remenick,

We learned from our client today that you have tried to serve Atico's complaint on Smiffy's California affiliate. Unfortunately, the person who received the complaint has not been employed by our client for some time, had no idea what was being delivered to him (which was, incidentally, at his home), and in any event certainly at no authority to accept service on behalf of our client.

Putting the issue of your ineffective service aside, however, I would like to discuss with you what your client is trying to achieve by this litigation, given the information we have already provided to you. As you know, our client's sales of the subject items in the U.S. were innocent and *de minimus*, our client ceased selling the items immediately upon hearing from you, and there is serious doubt as to the validity of your client's claim of copyright ownership as well as the copyright registration(s) being asserted. Under these facts, it appears that you are wasting both our clients' time and money, and are further preparing to waste judicial resources.

With the foregoing in mind, may I suggest that you contact me at your earliest convenience to discuss a resolution to this matter in a way that avoids a further drain on the business of our respective clients?

Very truly yours,

**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Tuesday, October 24, 2006 5:14 PM
**To:** Freno, Michael
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Nicholson, Joseph
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Mike - Thank you for your e-mail message and for confirming receipt of my e-mail correspondence below. I believe that earlier correspondence accurately reflects the substance of our discussions.

To date I am aware of no settlement discussions or negotiations ongoing between Atico and Smiffys. For purposes of continuing our discussions, I will consider points 2-5 below as subject to Rule 408. If Smiffys wishes to provide evidence of noninfringement, I will accept that information under Rule 408. If Smiffys wishes to admit infringement, I will also accept an offer of settlement under Rule 408.

Please refer to Atico's copyright registration for all information you may need about the work.

On Wednesday I am expecting to receive from you Smiffy's informal response to Atico's complaint. I do not consider tomorrow's discussion to be under FRE 408 unless Smiffys intends to provide information of noninfringement or wishes to make an offer of settlement.

I look forward to hearing from you tomorrow.

Sincerely,
Jim

---

**From:** Freno, Michael [mailto:MFreno@Kenyon.com]
**Sent:** Tuesday, October 24, 2006 3:42 PM

# EXHIBIT 7

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ATICO INTERNATIONAL USA, INC.,
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

SMIFFY'S USA
and
SMIFFY'S SALES SERVICES, INC.
Defendants.

CASE NUMBER:  1:06CV01742  *E G S*

TO: (Name and address of Defendant)

Smiffy's Sales Services, Inc.
7020 Hayvenhurst Ave., Suite D
Van Nuys, CA 91406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Remenick
Novak Druce & Quigg LLP
1300 Eye St. NW
400 East Tower
Washington, DC 20005

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

NOV 03 2006

CLERK                                    DATE

Jackie Francis

(By) DEPUTY CLERK

AO440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 11-7-06 at 11:20 AM |

| NAME OF SERVER (PRINT) Jack Kessler | TITLE Register California server |
|---|---|

Check one box below to indicate appropriate method of service

G  Served personally upon the defendant. Place where served: 8759 Zelzah Ave. Northridge CA

Glen Schecter, agent, person authorized to Receive

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 8.00 | TOTAL 80.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11-9-06
Date

Signature of Server

DDS Legal Support
2900 Bristol St E-106
Costa Mesa, CA 92626
Address of Server

Tel 714-6625555

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ATICO INTERNATIONAL USA, INC.,
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

SMIFFY'S USA
and
SMIFFY'S SALES SERVICES, INC.
Defendants.

CASE NUMBER:   1:06CV01742   *EGS*

TO: (Name and address of Defendant)

Smiffy's USA
7020 Hayvenhurst Ave., Suite D
Van Nuys, CA 91406

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Remenick
Novak Druce & Quigg LLP
1300 Eye St. NW
400 East Tower
Washington, DC 20005

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    NOV 03 2006

CLERK

_Jackie Frances_

(By) DEPUTY CLERK                    DATE

1

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 11-7-06 at 11:20 AM |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Jack Kessler | Register California Server |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served: 8759 Zelzah Ave. Northridge CA
Glen Schecter, agent, person authorized to receive

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

G  Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 26.50 | 26.50 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  11-9-06         X _____ Kessler
              *Date*              *Signature of Server*

DDS Legal Support
2900 Bristol St E-106.
Costa Mesa, CA 92626
*Address of Server*

Tel 714-662 5555

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT 8

**Freno, Michael**

| | |
|---|---|
| **From:** | DocketDelivery@CourtLink.LexisNexis.com |
| **Sent:** | Monday, November 27, 2006 9:57 AM |
| **To:** | Freno, Michael |
| **Subject:** | Your CourtLink dockets have arrived |

**Attachments:**    CourtLink_Dockets_47779_11.27.2006_095700665.html



CourtLink_Dockets_
47779_11.27....

                 Updated docket
_____
_____

Attached is information ordered from CourtLink by Michelle Diaz on 11/27/2006.

US-DIS-DCD 1:06cv1742 - Atico International USA Inc v. Smiffy's USA et al

This information is in HTML format, which you can open with your internet
browser.

If you have difficulty opening or using this file, please contact LexisNexis
Customer Support at 1-888-311-1966 or go to
http://support.lexisnexis.com/courtlinkemail. You may also reach LexisNexis
Customer Support by replying to this email.

If you would like to monitor additional cases, you can set up a TRACK to
notify you of unfolding activity in existing cases.  Please visit
https://CourtLink.LexisNexis.com/Track/TrackSetup.aspx.

PLEASE NOTE: If there is no file attached to this email, the attachment may
have been blocked by your firm's email system for security reasons. Please
contact your email system administrator, IT Department, or LexisNexis Customer
Support for further assistance.

_____
_____
This is a send only email.  Please do not reply to this email.

If you are experiencing any issues in using the LexisNexis(r) CourtLink(r)
service, please feel free to Contact LexisNexis Customer Support.
CourtLink(r) 888-311-1966
CourtLink Classic(r) 877-430-2990

Customer Support team is available 24 hours a day, 7 days a week to assist
you.
For a web mail form for Customer Support please go to the following page:
http://support.lexisnexis.com/courtlinkemail/default.asp?
vcForm=Courtlink_Email_Form1&B1=Continue

LexisNexis is a trademark and CourtLink and CourtLink Classic are registered
trademarks of LexisNexis.
_____

Case 1:06-cv-01742-EGS    Document 8-6    Filed 12/18/2006    Page 3 of 35
Order documents from CourtLink's nationwide document retrieval service.
- OR - Call **1.866.540.8818.**

# US District Court Civil Docket

## U.S. District - District of Columbia
## (Washington DC)

## 1:06cv1742

## Atico International USA Inc v. Smiffy's USA et al

### This case was retrieved from the court on Monday, November 27, 2006

| | | | |
|---|---|---|---|
| **Date Filed:** 10/11/2006 | | **Class Code:** JURY, TYPE-E | |
| **Assigned To:** Judge Emmet G Sullivan | | **Closed:** no | |
| **Referred To:** | | **Statute:** 17:501 | |
| **Nature of suit:** Copyrights (820) | | **Jury Demand:** Plaintiff | |
| **Cause:** Copyright Infringement | | **Demand Amount:** $0 | |
| **Lead Docket:** None | | **NOS Description:** Copyrights | |
| **Other Docket:** None | | | |
| **Jurisdiction:** Federal Question | | | |

| Litigants | Attorneys |
|---|---|
| *Atico International USA Inc*<br>*Plaintiff* | *James Remenick*<br>*[COR LD NTC]*<br>*Novak Druce & Guigg, LLP*<br>*1300 I Street, NW*<br>*Suite 400 East Tower*<br>*Washington , DC  20005*<br>*USA*<br>*(202) 659-0100*<br>*Email: Jimremenick@novakdruce.com* |
| *Smiffy's USA*<br>*Defendant* | |
| *Smiffy's Sales Services, Inc*<br>*Defendant* | |

| Date | # | Proceeding Text | |
|---|---|---|---|
| 11/22/2006 | 3 | *RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SMIFFY'S USA served on 11/7/2006, answer due 11/27/2006 (Remenick, James) (Entered: 11/22/2006)* | 1 |
| 11/22/2006 | 2 | *RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SMIFFY'S SALES SERVICES, INC. served on 11/7/2006, answer due 11/27/2006 (Remenick, James) (Entered: 11/22/2006)* | |
| 11/03/2006 | -- | *Summons (2) Issued as to SMIFFY'S USA, SMIFFY'S SALES SERVICES, INC.. (jf, ) (Entered: 11/03/2006)* | |
| 10/11/2006 | -- | *SUMMONS Not Issued as to SMIFFY'S USA, SMIFFY'S SALES SERVICES, INC. (lc, ) (Entered: 10/12/2006)* | |
| 10/11/2006 | 1 | *COMPLAINT against SMIFFY'S USA, SMIFFY'S SALES SERVICES, INC. ( Filing fee $ 350 receipt number 139181.) filed by ATICO INTERNATIONAL USA INC.. (Attachments: # 1 Civil Cover Sheet)(lc, ) (Entered: 10/12/2006)* | |

*Copyright © 2006 LexisNexis CourtLink, Inc. All rights reserved.*
*\*\*\* THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY \*\*\**

# EXHIBIT 9

**Freno, Michael**

| | |
|---|---|
| **From:** | Nicholson, Joseph |
| **Sent:** | Tuesday, November 28, 2006 12:17 PM |
| **To:** | 'James Remenick' |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

Dear Mr. Remenick,

By now you should have been served with the motion to dismiss we filed yesterday.  As you know, I attempted to reach you by telephone yesterday and was forced to leave you a voice message.  The motion could have been avoided had you simply returned the call, as I would have sought your consent to extend the time by which our client was required to answer or otherwise plead.  While you complain about wasting the time and money of Atico and the Court, your actions continue to suggest that this is really of no consequence to you.

Had you returned my call and consented to an extension of time, I am sure we would have been able to provide you with the documentation you have requested within such extension period.  Obviously, we are still willing to provide whatever documentation we can in order to convince you that this case is a foolish waste.  Kindly inform us of what exactly you would like to see.  As you are aware, our client's profits on sales of the subject door mats were less than $500, and even less than that counting only United States sales.  If you wish to have an affidavit to that effect from our client, I can arrange that easily.  If that is not satisfactory and you will require something far more complicated or time-consuming, I suspect we will have little choice but to consider making an offer of judgment and seeking from Atico all of our client's expenses and attorneys fees thereafter.

Very truly yours,


**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Monday, November 20, 2006 9:49 PM
**To:** Nicholson, Joseph
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Nicholson – We received your e-mail repeated below.  As you know from Mike Freno, Atico filed a complaint against Smiffy's USA and Smiffy's Sales Services after attempts to contact Smiffys by letter and phone were ignored or otherwise frustrated.  The complaint was not officially served on Smiffy's in the hope of resolving this matter without the necessity of a trial.

Your client apparently received a copy of the complaint and promptly forwarded it at least to Mr. Freno who contacted me by telephone.  He, like you, dismissed the matter out of hand, but at the same time demanded discovery from Atico on Atico's ownership of the copyright.  I directed Mr. Freno to the US Copyright Office for confirmation on the issue of ownership.  I next received a letter from Mr. Freno stating that I failed to take the opportunity to comply with his discovery demands and, therefore, he considered the matter closed.  I left a telephone message for Mr. Freno the next day and requested authorization for him to accept service of the complaint.  He never responded which left Atico with no choice but to contact a process server in California.

As for service, we received confirmation from the process server that the summons and complaint were properly executed on Mr. Glen Schecter for both Smiffy's USA and Smiffy's Sales Services.  We have no documentation or information of service to an ex-employee or that service was in any way ineffective.

# EXHIBIT 10

**Freno, Michael**

| | |
|---|---|
| **From:** | James Remenick [jim.remenick@novakdruce.com] |
| **Sent:** | Wednesday, November 29, 2006 6:19 PM |
| **To:** | Nicholson, Joseph |
| **Cc:** | Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael |
| **Subject:** | RE: Atico v. Smiffys copyright matter (1:6CV01742) |

Dear Mr. Nicholson:

I received the voice mail message you left me Monday afternoon, which mentioned nothing of an extension, but the possibility of resolving the matter without a trial. Had you requested an extension, it would have been granted, and Atico remains open to any settlement proposal you wish to make. However, it did not escape our notice that your supposed last minute request was followed within about two hours by the filing of your motion with the court.

In any case, Smiffy's motion to dismiss was located on the Court's electronic database today. As you are well aware, Atico's complaint was served on the person that <u>Smiffy's</u> listed with the California Department of State as the agent authorized for service at the address that <u>Smiffy's</u> listed - the same person who is listed as the contact person on Smiffy's website. Clearly, Smiffy's received notice of service, just like Smiffy's received the letter we sent to the attention of the same Mr. Glen Schecter, with a copy of the complaint, over a month ago. If you want us to serve the complaint on another agent authorized to accept service, please provide such person's name and address by noon tomorrow and we will be happy to serve that person as well. Absent that you will be facing our demand for attorney fees for responding to your unsubstantiated motion.

Very truly yours,


**James Remenick**
_____
**Novak Druce & Quigg LLP**
**E-mail: jim.remenick@novakdruce.com**

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

---

**From:** Nicholson, Joseph [mailto:JNicholson@kenyon.com]
**Sent:** Tuesday, November 28, 2006 12:17 PM
**To:** James Remenick
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Remenick,

By now you should have been served with the motion to dismiss we filed yesterday. As you know, I attempted to reach you by telephone yesterday and was forced to leave you a voice message. The motion could have been avoided had you simply returned the call, as I would have sought your consent to extend the time by which our client was required to answer or otherwise plead. While you complain about wasting the time and money of Atico and the Court, your actions continue to suggest that this is really of no consequence to you.

Had you returned my call and consented to an extension of time, I am sure we would have been able to provide you with the documentation you have requested within such extension period. Obviously, we are still willing to provide whatever documentation we can in order to convince you that this case is a foolish waste. Kindly inform us of what exactly you would like to see. As you are

aware, our client's credit or sales of the Door mats were less than $500 and were for only United States sales. If you wish to have an affidavit to that effect from our client, I can arrange that easily. If that is not satisfactory and you will require something far more complicated or time-consuming, I suspect we will have little choice but to consider making an offer of judgment and seeking from Atico all of our client's expenses and attorneys fees thereafter.

Very truly yours,

**Joseph F. Nicholson**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6446 Phone | 212.425.5288 Fax
jnicholson@kenyon.com | www.kenyon.com

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** James Remenick [mailto:jim.remenick@novakdruce.com]
**Sent:** Monday, November 20, 2006 9:49 PM
**To:** Nicholson, Joseph
**Cc:** Dan Forbes; Dina Grinshpun; Marcia Daraban; Freno, Michael
**Subject:** RE: Atico v. Smiffys copyright matter (1:6CV01742)

Dear Mr. Nicholson – We received your e-mail repeated below. As you know from Mike Freno, Atico filed a complaint against Smiffy's USA and Smiffy's Sales Services after attempts to contact Smiffys by letter and phone were ignored or otherwise frustrated. The complaint was not officially served on Smiffy's in the hope of resolving this matter without the necessity of a trial.

Your client apparently received a copy of the complaint and promptly forwarded it at least to Mr. Freno who contacted me by telephone. He, like you, dismissed the matter out of hand, but at the same time demanded discovery from Atico on Atico's ownership of the copyright. I directed Mr. Freno to the US Copyright Office for confirmation on the issue of ownership. I next received a letter from Mr. Freno stating that I failed to take the opportunity to comply with his discovery demands and, therefore, he considered the matter closed. I left a telephone message for Mr. Freno the next day and requested authorization for him to accept service of the complaint. He never responded which left Atico with no choice but to contact a process server in California.

As for service, we received confirmation from the process server that the summons and complaint were properly executed on Mr. Glen Schecter for both Smiffy's USA and Smiffy's Sales Services. We have no documentation or information of service to an ex-employee or that service was in any way ineffective.

Despite the considerable time and expense you have caused both Atico and also judicial resources, Atico is and has always been prepared to discuss a possible resolution. If, this time, your intention is sincere, please send us documentation of the assertions of your positions below.

As I stated in my discussions with Mr. Freno, Atico does not consider this present correspondence between us as subject to Rule 408.

Sincerely

# James Remenick

_____

## Novak Druce & Quigg LLP
**E-mail: jim.remenick@novakdruce.com**

**Washington Office:**
**1300 Eye Street, NW**
**400 East Tower**
**Washington, DC 20005**
**Dir Tel: 202.204.4744**
**Gen Tel: 202.659.0100**
**Gen Fax: 202.659.0105**

12/17/06

# EXHIBIT 11



**KENYON & KENYON LLP**
Intellectual Property Law

Michael J. Freno
Direct 212.908.6381
mfreno@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

December 7, 2006

**WITHOUT PREJUDICE**

*Via E-mail and*
*Facsimile 202.659.0105*

James Remenick
Novak Druce LLP
1300 Eve Street, N.W.
400 East Tower
Washington, DC 20005

Re:    <u>Case No. 06-cv-01742-EGS</u>

Dear Jim:

If Atico feels compelled to properly serve the complaint on Smiffy's—though we are reluctant to assist you in serving a complaint we deem frivolous and wasteful—the address of Smiffy's USA, Inc. is listed in the caption of Smiffy's motion to dismiss. (We believe that the Virginia company you mention in the complaint is no longer operating, but you should check for yourself because we are not entirely clear at this time.) If you are unable to reach a proper agent for service at Smiffy's in California, you are no doubt familiar with the leave and mail provisions of the Federal Rules of Civil Procedure.

If, in the future, you do believe you have served Smiffy's properly, we would appreciate you giving us notice of the alleged service. In the present situation, you apparently served Mr. Schecter on November 7, but failed to file the service notice until November 22, immediately before the Thanksgiving holiday. We did not discover the alleged service until November 27, 2006, the date of the apparent deadline for Smiffy's to respond or answer.

Given that you claim that you were willing to grant an extension to our deadline to file a motion to dismiss or answer the alleged complaint, and given your suggestion that "Atico remains open . . . settlement," we are happy to stipulate to an extension of time for Atico to respond to Smiffy's motion to dismiss as the parties work out an arrangement to resolve this case. Please let us know.

Very truly yours,

Michael J. Freno

cc:    Joseph Nicholson, Esq.

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            0742
CONNECTION TEL      13249#6#12026590105#
SUBADDRESS
CONNECTION ID
ST. TIME            12/07 01:57
USAGE T             00'42
PGS. SENT              2
RESULT             OK
```



**KENYON & KENYON LLP**
Intellectual Property Law

One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

# Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Michael J. Freno** | Date: | December 7, 2006 |
| Direct Dial: | 212.908.6381 | Fax: | 212.425.5288 |
| Client/Matter: | 13249/6 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **James Remenick** | **Novak Druce LLP** | **202.659.0105** | **202.659.0100** |

Message:

**Freno, Michael**

| | |
|---|---|
| **From:** | Freno, Michael |
| **Sent:** | Thursday, December 07, 2006 2:09 PM |
| **To:** | 'James Remenick' |
| **Cc:** | Nicholson, Joseph |
| **Subject:** | Case No. 06-1742 (EGS) |
| **Attachments:** | 06-12-07 Letter Kenyon to Atico.pdf |

**Michael J. Freno**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6381 Phone | 212.425.5288 Fax
mfreno@kenyon.com | www.kenyon.com

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

12/17/06

# EXHIBIT 12

**Freno, Michael**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Thursday, December 07, 2006 7:39 PM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01742-EGS ATICO INTERNATIONAL USA INC. v. SMIFFY'S USA et al "Memorandum in Opposition" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from Remenick, James entered on 12/7/2006 at 7:38 PM EDT and filed on 12/7/2006

**Case Name:**       ATICO INTERNATIONAL USA INC. v. SMIFFY'S USA et al
**Case Number:**    1:06-cv-1742
**Filer:**                 ATICO INTERNATIONAL USA INC.
**Document Number:** 6

**Docket Text:**
Memorandum in opposition to re [4] MOTION to Dismiss *for Insufficiency of Service* filed by ATICO INTERNATIONAL USA INC.. (Attachments: # (1) Affidavit Declaration of James Remenick# (2) Exhibit Exhibit A part 1# (3) Exhibit Exhibit A part 2# (4) Exhibit Exhibit B# (5) Exhibit Exhibit C# (6) Exhibit Exhibit D# (7) Exhibit Exhibit E# (8) Exhibit Exhibit F# (9) Exhibit Exhibit G# (10) Exhibit Exhibit H# (11) Exhibit Exhibit I# (12) Exhibit Exhibit J# (13) Exhibit Exhibit K# (14) Exhibit Exhibit L# (15) Text of Proposed Order Proposed Order)(Remenick, James)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\106CV01742 Opposition to Motion to Dismiss.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-0]
[670e96b60a22a37ad44337d1739541f615320ce021705f423c1b9c463855d0082bd3
4d69d6299b128c53f3bf7afc05bb60e04026760f4bb98bba05acc6d8d1ba]]
**Document description:**Affidavit Declaration of James Remenick
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\106CV01742 James Remenick Declaration.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-1]
[6423931025ec6bcfa49058d5a683e53c44671ec66c1ecd0063348e1e06271a7563bd
e47d82156d215555cf8507c0c2be23ed9b6ec84963129579ed3cf55af9d6]]
**Document description:**Exhibit Exhibit A part 1
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit A part 1.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-2]
[8d93a3c8852d195012e38b14a20b39ad4b7a88ea7cefd667855499b9ec40ad44a335

**Document description:**Exhibit Exhibit A part 2

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit A part 2.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-3]
[34a74b92ad192f31c62973ded7a24bbd4e24375f5fde489cbd5c8f2eccf9ea836640
0e1f025b22b3f7f5e0013516078f9abe3ec8952927af46aa9240e2ea9186]]

**Document description:**Exhibit Exhibit B

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit B.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-4]
[334703e2d0e3259e7e122a3c7cb958988bb973a9f35d537494e5f979044417f81f9e
7b1317d195b6e07023e5d665f4aa101b70c1f09d7b973d9a8a9c56fa75c6]]

**Document description:**Exhibit Exhibit C

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit C.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-5]
[8b338b7fa7045887cd7b124240d3fa61b40026a248fcc9b3243cbea688f8239dbb4f
4d92449b0402a69fd8ec4ebc97879d3e0262b7dbe3d2a088e18ea2c1dbb0]]

**Document description:**Exhibit Exhibit D

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit D.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-6]
[4e526f65895c9adf871d4bbb79dafaf63dee2d7aa8126c4a6271e2d465386547b4d1
d3f7a9473faed0978cb09c80624b87195705a0f954c69da4b2afa7924ac2]]

**Document description:**Exhibit Exhibit E

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit E.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-7]
[5a6bd711e9f45b0ec41eff75dd283608fe92e12fbb75ca3dda74c50ec9160ce5fd29
0ee1579cdecdeeefd9b5ab2e77ac8dce949c479000048931 0bc8ec27b91c]]

**Document description:**Exhibit Exhibit F

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit F.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-8]
[4c602833c50c737ca21f6aa1a914c37334e76a3e9224b7a2d18e29b38691a1db14c3
cfc04af7265d0fe48369f64c0486b973b40d440f4a2487bfb3651e3fb469]]

**Document description:**Exhibit Exhibit G

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit G.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-9]
[830bdd0728b99c17df774a2462efc9f5201f1a141c04d192253482ca26bda1815240
f8bd63d40cdf9780c08234b7f9cda64bbacc34ca22f1237d600234bb5d7c]]

**Document description:**Exhibit Exhibit H

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit H.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-10
] [3a90aa5842eb157c52fc295f98422ea491eb5370bf76a2f578715398cd809b0b07e
3bcb666e6999e315cc96e4328cc09880c97bb554674778b0b048ec8dc950f]]

12/17/06

**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit I.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-11
] [3ba14689332339c2f6209a860ccbc91418236f0fd103344d2d6f8ea1f427ce168db
7c1d07c2268178ed60719f9fafd7925ff2cb31cda120a42465816e17fd59d]]
**Document description:**Exhibit Exhibit J
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit J.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-12
] [8fec3e8fe516022cae1199ad9fb98b2dd659b849f4082229c3715693526d29d0922
22393826eba33ad74129c1bddc0927d8cfe05a6413de84dba92192a2b2e1c]]
**Document description:**Exhibit Exhibit K
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit
K.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-13
] [31c554c39ce6711a9ffda8a4a961cc935c824feb72fbd07801ebcb1b31a8dce520d
351cad73496c8687a2baf2389a10984cb0c26843c3e4aa9b627b7413b41c1]]
**Document description:**Exhibit Exhibit L
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\Attachments\Exhibit
L.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-14
] [5859b3f30ec1753efb04e2f2c837d42c2cee75f44707381396f96508fed6dd5582a
3c9d13135723cbf42225f31efc1a07c6a2f1aa866a29531b459619c5eea7b]]
**Document description:**Text of Proposed Order Proposed Order
**Original filename:**C:\Documents and Settings\marcia.daraban\My Documents\Atico\Smiffy's\106CV01742 Atico
Proposed Order.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/7/2006] [FileNumber=1290560-15
] [8f76e03475ebf6cd6b595adc3db9fe64e281b0950aa2d1ea1757bad84a75da4c686
a9439fb8071d3190bb88726c3939da9782f5b9f09f9a26b6c1b9789488bd9]]


**1:06-cv-1742 Notice will be electronically mailed to:**

Gary S. Morris    gmorris@kenyon.com, jnicholson@kenyon.com, mfreno@kenyon.com, ekiltinen@kenyon.com,
ddelizio@kenyon.com, rvroom@kenyon.com, ctan@kenyon.com

James Remenick    jim.remenick@novakdruce.com

**1:06-cv-1742 Notice will be delivered by other means to:**

12/17/06

# EXHIBIT 13



**CM/ECF**    Civil • Criminal • Query • Reports • Utilities • Logout

# Motions

## 1:06-cv-01742-EGS ATICO INTERNATIONAL USA INC. v. SMIFFY'S USA et al

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from Morris, Gary S. entered on 11/27/2006 at 6:46 PM EDT and filed on 11/27/2006

**Case Name:**     ATICO INTERNATIONAL USA INC. v. SMIFFY'S USA et al

**Case Number:**     1:06-cv-1742

**Filer:**     SMIFFY'S USA

SMIFFY'S SALES SERVICES, INC.

**Document Number:** 4

**Docket Text:**
MOTION to Dismiss *for Insufficiency of Service* by SMIFFY'S USA, SMIFFY'S SALES SERVICES, INC.. (Attachments: # (1) Declaration of Sean Lucas# (2) Text of Proposed Order)(Morris, Gary)

The following document(s) are associated with this transaction:

**Document description:**
Main Document

**Original filename:**
H:\06_CV_1742_Motion to Dismiss.pdf

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=973800458 [Date=11/27/2006] [FileNumber=1280566-0
] [0131d9d582147747265111d06406094c6cbf03f32d080cd7a48aeac12ac4c1c9f38
ec373d24aa2ca0c2ed63f3875892dc3b51447088806736d26a2570cc1ec4f]]
**Document description:** Declaration of Sean Lucas
**Original filename:**H:\06_CV_1742_Declaration of Sean Lucas 11.27.06.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=11/27/2006] [FileNumber=1280566-1
] [01161a31cc4acd9eff69c1177a6375a011dfeb18fdf138726d6a023977512755c5b
82c78ea1c20428a262141e16987df74c6e977c26ce6b1246672b081a3836c]]

**Document description:** Text of Proposed Order
**Original filename:** H:\06_CV_1742_Proposed Order.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=11/27/2006] [FileNumber=1280566-2
] [2e566d13b396d10cca13b0902bbffdb32f84d6f2bc2f4a9d79a2950df67f40bf3ac
6dd5c3ec92e7f6ee8b79ed0de4ea0653119643aacd8d1d7f75bc31e068fb1]]

**1:06-cv-1742 Notice will be electronically mailed to:**

Gary S. Morris     gmorris@kenyon.com

James Remenick     jimremenick@novakdruce.com,

**1:06-cv-1742 Notice will be delivered by other means to:**

# EXHIBIT 14

Equitrac *Professional v3.5*

**Kenyon & Kenyon**
**Call Detail, By Date**
**(Extension=6446)** 1

Page 1 of 1

**From Nov. 27, 2006 To Nov. 27, 2006 23:59**

**Ran on: Dec. 12, 2006 12:28 PM**

| Date Time | Facility | Ext. | Duration | Phone Cost | Phone Number | City | | Client/Matter |
|-----------|----------|------|----------|-----------|--------------|------|--|---------------|
| Nov. 27, 2006 14:02:00 2 | InterState/InterLATA | 0-6446 | 00:00:54 | $1.31 | 1(202)204-4744 | WASHINGTON | DC 3 | 3249*6 |

# REDACTED

# EXHIBIT 15



Commonwealth
of Virginia

State
Corporation
Commission

Enter

Signoff

Help

Print

```
WEB#314                              CIS                    12/15/06
TCP00060 CISM9022              NAME SEARCH CORP             10:49:04
                                                           PAGE:     1

SEARCH NAME:  SMIGLOBALTECHNOLOGYINC
GO TO PAGE:                                                 DIRECTION:  F
      CORP-ID              CORPORATION NAME                 STATUS/DATE
1: 0621723-6   ┌ SMIFFY'S SALES SERVICES, INC.             TERMINATED      1
                                                           01/03/06
2: 0536127-4   ┌ SMI FINANCIAL                             FICTITIOUS
                 (VA BEACH CI)                             02/02/06
3: 0267354-9   ┌ SMIGAR, INC.                              PURGED
                                                           12/31/95
4: 0163087-0   ┌ SMIGEL ASSOCIATES, INCORPORATED           PURGED
                                                           12/31/87
5: 0465458-8   ┌ SMIGELSKI, JR., INC., ANDREW A.           ACTIVE
                                                           03/18/05
6: F164141-6   ┌ SMI GLOBAL MISSION SUPPORT, INC.          ACTIVE
                                                           09/09/05
7: 0338182-9   ┌ SMI GLOBAL TECHNOLOGY, INC.               OLD NAME
                                                           02/11/03

COMMAND:  ............................................
```

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.

Commonwealth
of Virginia



State
Corporation
Commission

```
WEB#314                               CIS                      12/15/06
TCP00060   CISM0180         CORPORATE DATA INQUIRY             10:46:40

       CORP ID:  0621723  6   STATUS: 10  TERM(AUTO AR/$)  STATUS DATE: 01/03/06
       CORP NAME: SMIFFY'S SALES SERVICES, INC.

DATE OF CERTIFICATE:  08/05/2004 PERIOD OF DURATION:         INDUSTRY CODE: 00
STATE OF INCORPORATION:  VA VIRGINIA       STOCK INDICATOR:  S STOCK
MERGER IND:                    CONVERSION/DOMESTICATION IND:
GOOD STANDING IND: N TERM(AUTO AR   MONITOR INDICATOR:
CHARTER FEE:  50.00   CASE NO:          CASE STATUS:  HEARING DTE:
   R/A NAME:  KEVIN M O'DONNELL                                         1

      STREET:  4103 CHAIN BRIDGE RD STE 100            AR RTN MAIL:

        CITY:  FAIRFAX                STATE :  VA  ZIP:  22030
   R/A STATUS:  R  RESIGNED        EFF. DATE:  09/22/05  LOC.: 303
ACCEPTED AR#: 000 00 0000   DATE:                    (129) FAIRFAX C
CURRENT AR#: 000 00 0000   DATE:          STATUS:    ASSESSMENT INDICATOR: 0
   YEAR    FEES      PENALTY     INTEREST      TAXES      BALANCE       TOTAL SHARES
   05    220.00     22.00                                 242.00            25,000
COMMAND: ................................................................
```

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.



Commonwealth
of Virginia

State
Corporation
Commission

```
WEB#388                          CIS                      12/15/06
TCP00088  CISM3050      REGISTERED AGENT INQUIRY          10:52:18

       CORP ID:  0621723 - 6     CORP STATUS: 10  TERM(AUTO
   CORP NAME:  SMIFFY'S SALES SERVICES, INC.


   CURRENT REGISTERED AGENT:
      NAME:  KEVIN M O'DONNELL
   STREET:  4103 CHAIN BRIDGE RD STE 100

      CITY:  FAIRFAX              STATE:  VA  ZIP:  22030-0000
   STATUS:  R  RESIGNED      EFF DATE: 09/22/05   LOC: 303 (129) FAIRFAX CITY (
   -----------------------------------------------------------------
   OLD REGISTERED AGENT:
      NAME:
   STREET:

      CITY:                      STATE:      ZIP:
   STATUS:                EFF DATE:          LOC:
   COMMAND:  ..................................................
```

Enter

Signoff

Help

Print

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.



Commonwealth
of Virginia

State
Corporation
Commission

```
WEB#388                            CIS                    12/15/06
TCP00088    CISM0250          MICROFILM INQUIRY           10:53:15

    CORP ID:  0621723  - 6    CORP STATUS: 10   TERM(AUTO
CORP NAME:  SMIFFY'S SALES SERVICES, INC.

COURT LOCALITY: 303 (129) FAIRFAX CITY (FILED TOTAL CHARTER FEES:    50.00

    MICROFILM NO    DOCUMENT TYPE         DATE    CHARTER FEE PAGES    1
    06 01 09 1262   TERM > TERMINATION    01/03/06                 1
    05 09 06 1086   RSGN > R/A RESIGNED   09/22/05                 1
    04 08 02 1101   NEWC > NEW CHARTER    08/05/04     50.00       5



COMMAND:  ...............................................................
```

**Enter**

**Signoff**

**Help**

**Print**

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.



Commonwealth
of Virginia

State
Corporation
Commission

Enter

Signoff

Help

Print

```
WEB#388                              CIS                        12/15/06
TCP00088  CISM0260         CORPORATE STATUS HISTORY             10:55:01

          CORP ID: 0621723 - 6  CORP STATUS: 10 TERM(AUTO
          CORP NAME: SMIFFY'S SALES SERVICES, INC.


 CORP STATUS DATE:  01/03/06
                   S T A T U S     H I S T O R Y
                 OLD STATUS DATE           OLD STATUS
                    09/01/05          01 FEE DELINQUENT
                    08/05/04          00 ACTIVE







        COMMAND: .................................................
```

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.

Commonwealth
of Virginia



State
Corporation
Commission

| Enter |
|---|
| Signoff |
| Help |
| Print |

**CIS4434 - NO ANNUAL REPORT DATA FOUND FOR THIS CORPORATION**
WEB#388                                    CIS                              12/15/06
TCP00088  **CISM0265**        CORPORATE ANNUAL REPORT HISTORY            10:56:16

        CORP ID: 0621723 - 6  CORP STATUS: **10 TERM(AUTO AR/$) CORP-NO REPORT**
        CORP NAME: SMIFFY'S SALES SERVICES, INC.

CORP STATUS DATE:  01/03/06

                A N N U A L   R E P O R T   H I S T O R Y
        REVIEW DATE   REFERENCE NO          STATUS
                         000
                         000
                         000
                         000
                         000
                         000
                         000
                         000
                         000
                         000

    COMMAND: ...........................................................

NOTE: Function Key usage varies depending on the Application Screen.
For specifics, refer to Function Key Documentation.

# EXHIBIT 16

**Freno, Michael**

| | |
|---|---|
| **From:** | Dominique Peckett [dompeckett@SMIFFYS.com] |
| **Sent:** | Wednesday, November 15, 2006 5:32 AM |
| **To:** | Nicholson, Joseph |
| **Cc:** | Freno, Michael |
| **Subject:** | FW: Atico Lawsuit |
| **Importance:** | High |

REDACTED [1]

**From:** Glen Schecter [mailto:Glenster@Socal.rr.com]
**Sent:** 14 November 2006 21:31
**To:** Dominique Peckett
**Subject:** Atico Lawsuit

Hi Dom,

I received legal papers the other day from Atico.  Apparently, they are suing Smiffy's for copyright infringement on some floor mats.  Please notify their attorney and have me removed from the case.  I would appreciate your help in this matter.

Thank you,

Glen

Glen Schecter
8759 Zelzah Ave.
Northridge, CA  91325

Ph. (818) 718-2040
Fx. (818) 718-6020

Email: Glenster@Socal.rr.com

12/17/06

# EXHIBIT 17



**SMIFFY'S**
serious fun®

HOME   PRODUCTS   ABOUT SMIFFY'S   CONTACT US   GLOBAL HOME PAGE

### Contact Smiffy's in the USA

*Smiffy's USA*
*16673 Roscoe Boulevard*
*North Hills*
*CA 91343*
*USA*

| | |
|---|---|
| *Tel:* | *1-818-920-3112* |
| *Fax:* | *1-818-920-3117* |
| *Tollfree Tel:* | *1-888-7-SMIFFY  (1-888-7764339)* |
| *Tollfree Fax:* | *1-888-257-3082* |

Name*

Telephone

Email*

Enquiry

Send



**ABOU**
**SMIF**

*To lea*
*Smiffy*
*Partie*

**Smiffy**
*Tollfree*
*1-888-*
sales@

PRIVACY POLICY   TERMS & CONDITIONS   © SMIFFY'S 2005

# EXHIBIT 18



# California Business Portal

### Secretary of State BRUCE McPHERSON

**DISCLAIMER:** The information displayed here is current as of OCT 27, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

### Corporation

SMIFFY'S USA

**Number:** C2533151    **Date Filed:** 6/16/2003    **Status: suspended**

**Jurisdiction:** California

### Address

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

### Agent for Service of Process

GLEN SCHECTER

7020 HAYVENHURST AVENUE UNIT D

VAN NUYS, CA 91401

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

http://kepler.ss.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C..



# California Business Portal

**Secretary of State BRUCE McPHERSON**

**DISCLAIMER:** The information displayed here is current as of NOV 24, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| SMIFFY'S USA | | |
| **Number:** C2533151 | **Date Filed:** 6/16/2003 | **Status:** suspended [1] |
| **Jurisdiction:** California | | |

| Address | | |
|---|---|---|
| 7020 HAYVENHURST AVENUE UNIT D | | |
| VAN NUYS, CA 91401 | | |

| Agent for Service of Process | | |
|---|---|---|
| GLEN SCHECTER | | |
| 7020 HAYVENHURST AVENUE UNIT D | | |
| VAN NUYS, CA 91401 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

11/29/2006 10:33 AM [2]